ELLEN M. HAMMOND & another, executors, *vs.* EDWARD A. HAMMOND & others.

Suffolk.    March 17, 1897. — June 28, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Will — Payments of Legacies from Capital or Income — Retention of Income by Executors to make good Payments made by Mistake.*

By his will a testator gave to his wife, three sons, and a grandson each a stated sum at his decease, and the same sum annually for four years next succeeding. By a codicil he reduced the legacies to children and grandchildren, but left unchanged the legacy to his wife. In the will nothing was said as to the source from which the payments were to be made, the codicil providing that the four payments to sons and grandson after his decease "shall be made semiannual, and payable as near the middle of January and July during the four years aforesaid as shall be most convenient to my said executors," the balance of the semiannual income, if any, to be paid to his wife "in addition to the $500 aforesaid bequeathed to her." It appeared that a very large part of his property consisted of railroad bonds, on which the interest was payable semiannually on January 1 and July 1 in each year, that the income reasonably to be expected therefrom was likely to exceed the amount needed to pay these annuities after deducting the sum needed for legacies payable at his decease, and that the wife

had an estate of her own of $12,000. *Held*, that the four payments to the sons and grandson must be made out of the income, if sufficient, and that, as the codicil said nothing about the annual payments to the wife, they must be paid from capital, and the balance of the income, if any, after the payments to the sons and grandson, were given to her in addition to the annual payments of $500.

Where executors made payments by mistake to the wife of the testator of the whole income, thus throwing the burden of the payments to the children upon capital, and diminishing a fund which belonged to others, the court said that it was proper that she should make the loss good, and to that end the executors were authorized to retain income to make good the payments so made by them.

BILL IN EQUITY, by the executors of the will and codicil of Edward L. S. Hammond, to obtain the instructions of the court as to whether certain legacies were to be paid out of the income or out of the principal. Hearing before *Barker*, J., who, at the request of the parties, reserved the case for the determination of the full court upon the bill and answers. The facts appear in the opinion.

*A. Blume*, for the plaintiffs, read the papers in the case.

*A. Hemenway*, for the widow.

*J. Fox*, for the defendants.

KNOWLTON, J. The eighth clause of the will is as follows : " In addition to the aforesaid bequests, payable at my decease as aforesaid, I give unto said wife, sons, and daughter in law Elizabeth M. Hammond, as guardian of my grandchild Walter Edward Hammond, for each of the four succeeding years the following sums, to be paid to them in annual payments and as follows : to my wife Ellen M. Hammond as aforesaid the sum of five hundred dollars, to my son Walter W. Hammond as aforesaid the sum of one thousand dollars, to my son Edward A. Hammond as aforesaid the sum of four hundred dollars, to my son Henry D. Hammond as aforesaid the sum of three hundred dollars, to my daughter in law Elizabeth M. Hammond as guardian of my grandson Walter E. Hammond aforesaid the sum of three hundred dollars, making the total amounts of said payments during the said term of four years ten thousand dollars, the interest on any portion of same accruing during said term shall be paid to my wife Ellen M. Hammond aforesaid annually should she live and remain my widow, the same conditions to be understood in regard to all the aforesaid gifts to my wife Ellen M. Hammond as aforesaid."

By a codicil the testator reduced each of the legacies to his children and to his grandchild so that the aggregate amount payable to them was $5,500 instead of $10,000, and left unchanged the amount of the legacy to his wife. Each child and the grandchild was to receive a stated sum payable at the decease of the testator, and the same sum annually for the four years next succeeding. In the original will nothing was said in regard to the source from which these payments were to be made. In the codicil he made a provision as follows: " And I also will that the aforesaid four payments after my decease shall be made semiannual, and payable as near the middle of January and July during the four years aforesaid as shall be most convenient to my said executors; and after said payments, if there should be left a balance from my semiannual incomes, the same shall be paid to my wife Ellen M. Hammond, if living and unmarried, in addition to the $500 aforesaid bequeathed to her." The codicil supersedes the original will so far as it is inconsistent with it. If the original will stood alone, it would not be clear whether the income or a part of it would be applicable to the payment of these annuities. Nothing being stated in regard to the source from which these payments should be made, it might be held that they would be taken from the principal, and that the entire income of the estate, after first reserving enough to pay these annuities and the legacies payable at the decease of the testator, would be paid to the widow. Whether that would be so or not, the testator saw fit to make a special provision in his codicil in regard to these payments. He directed that they should be made semiannually, near the middle of January and July, during the four years. It is a significant fact that the schedule of his personal estate, which is made a part of the case, shows that a very large part of his property consisted of railroad bonds, on which the interest was payable semiannually on the first days of January and July in each year. According to the schedule, this property amounted to nearly $35,000, and the income reasonably to be expected from it, according to the rates shown in the schedule, was such as would be likely to exceed the amount needed to pay these annuities, after first deducting the sum needed for the legacies which were payable at his decease. The only contention against

the payment of these annuities out of the income is, that the original will should be so construed as to give the income to the wife of the testator. But by the codicil the wife is to be paid from the testator's "semiannual incomes" only the balance, if any, after the payment of these annuities. This balance is expressly stated to be "in addition to the $500 aforesaid bequeathed to her." This implies that until these legacies are paid she is to have only the $500 per year and the balance of the income, if any. In this connection it is to be noticed that she had an estate of her own amounting to about $12,000, and that while he left three sons and a child of a deceased son, she is to have all the income of his estate for life, as soon as these legacies are paid.

Even if there were no express provision in regard to payment, the division of the legacies to each of his children into five equal parts, one to be paid in each year, would be an indication that they were to be paid from income, rather than from the principal of his estate. In *Cummings* v. *Cummings*, 146 Mass. 501, it was said that "the very nature of an annuity suggests, when those charged with the payment of it have in their hands a fund producing income sufficient to pay it, that the payment should be made from the income, and not from the principal." See also *Treadwell* v. *Cordis*, 5 Gray, 341, 351.

A majority of the court are of opinion that the four payments to the sons and grandson should be made out of the income, if that is sufficient. The codicil says nothing about the annual payments to the wife of the testator, and these must be paid from the capital. The balance of the income, if any, after the payments to the children and grandchild, is given to her in addition to the annual payments of $500.

The executors are entitled to retain income to make good the payments which they have made to the wife by mistake. As she was receiving the whole income, and thus was throwing the burden of the payments to the children upon capital, and diminishing a fund which belonged to others, it seems proper that she should make the loss good. *Livesey* v. *Livesey*, 3 Russell, 287. *Dibbs* v. *Goren*, 11 Beav. 483. See *Crocker* v. *Dillon*, 133 Mass. 91.

*So ordered.*