SMITH v. JACKMAN.

1. WILLS—CONSTRUCTION—INTENT.

A will contained the following provisions: "I give and bequeath to my beloved wife, * * * in money, $3,000, to be paid in accordance with the following provisions, to wit: I will and bequeath all the residue and remainder of my personal property, and all of my real estate, to my only child, C., for her sole use and benefit during her life, and at her death to her children: *Provided*, that the aforesaid payment of $3,000 be made to my wife, or the annual interest at the rate of 7 per cent. annually, as she, my wife, may elect; and, at any time when my wife may want any portion or the whole of said amount of $3,000, it shall be paid to her on three months' notice, either verbal or written, or she may sell enough out of said real estate to pay said amount on the failure of my daughter to pay her after the aforesaid notice." *Held*, that it was the testator's intention to place the sum of $3,000 at the absolute disposal of his widow, without reference to her necessities.

2. SAME—WAIVER.

The widow, who was made executrix of the will, turned over all of the property to her daughter, who, for the period of three years, paid to her mother interest upon the sum of $3,000. *Held*, that, under the terms of the will, the reception of interest did not operate as a waiver of the right to the principal, or any part thereof, upon demand.

3. SAME—LEGACY CHARGED ON REALTY.

The effect of the last clause of the will was to give to the widow, by necessary implication, a lien upon the realty to secure the payment of her bequest.

4. SAME—POWER COUPLED WITH INTEREST—SURVIVAL TO EXECUTOR.

The power of sale, therefore, was not a naked power, but was one which related to the land, and as such survived to the legatee's executor.

5. SAME—ENFORCEMENT OF LIEN.

Chancery was the proper forum in which to enforce the lien.

Appeal from Monroe; Kinne, J. Submitted October 14, 1897. Decided December 7, 1897.

Bill by Jasper N. Smith, executor of the last will and testament of Jane Powlesland, deceased, against Caroline G. Jackman and others, to enforce a lien upon real estate for the payment of a legacy. From a decree for complainant, defendant Jackman appeals. Affirmed.

Complainant is the executor of the last will and testament of Jane Powlesland, who was the widow of William Powlesland. Mr. Powlesland died, testate, July 17, 1891, leaving a widow and one child, the defendant Caroline Jackman. He left real estate valued at $10,000, and personal property valued at $6,000. His will was probated September 11, 1891. It contained the following provisions:

"*First.* I give and bequeath to my beloved wife, * * * in money, $3,000, to be paid in accordance with the following provisions, to wit:

"*Second.* I will and bequeath all the residue and remainder of my personal property, and all of my real estate [describing it], to my only child, Caroline Georgiana Jackman, for her sole use and benefit during her life, and at her death to her children [naming them]: *Provided,* that the aforesaid payment of $3,000 be made to my wife, or the annual interest at the rate of 7 per cent. annually, as she, my wife, may elect; and, at any time when my wife may want any portion or the whole of said amount of $3,000, it shall be paid to her on three months' notice, either verbal or written, or she may sell enough out of said real estate to pay said amount on the failure of my daughter to pay her after the aforesaid notice."

His widow was made executrix, rendered her final account, and was discharged May 3, 1892. She turned over to her daughter all the real and personal property. She received from Mrs. Jackman interest on $3,000 until 1895. In March of that year, she demanded $1,000. On September 27, 1895, she, through her attorney, made a written demand for the payment of the $3,000. About the 1st of September, Mrs. Jackman paid $100. Mrs. Powlesland died November 23, 1895. Mrs. Jackman had paid none of the principal except the $100. Mrs. Powlesland made several specific bequests, and devised the residue, which was the greater part of her property, to two of her grand-

children. Mrs. Jackman contested the will, but it was duly probated. The purpose of this bill is to secure the payment of $2,900, by enforcing a lien upon the real estate, which, it is claimed, was given by the terms of Mr. Powlesland's will. The learned circuit judge made the following finding:

"I find that it was the intention of William Powlesland to place this sum of $3,000 at the absolute disposition of his widow, thus enabling her to keep the same at interest at the rate of 7 per cent. per annum, if she wished, secured by the real estate named, or at any time, on her own volition, to call in and secure payment of any part or the entire sum of $3,000. From the evidence, I find that, some time previous to her death, she exercised her right and privilege, and did call for and demand the entire sum remaining unpaid, which is conceded to be $2,900. I find that the real estate remained impressed with the burden of this money, and must respond to its payment."

Decree was entered in accordance with this finding.

*E. R. Gilday* and *Willis Baldwin*, for complainant.

*Landon & Lockwood*, for appellant.

GRANT, J. (*after stating the facts*). What was the intention of the testator? This is the first and paramount question in the construction of wills. If that intention can be derived from the four corners of the instrument, courts will enforce it, unless there is some insurmountable legal obstacle to prevent. We reach the same conclusion as did the circuit judge. It was the evident intention of Mr. Powlesland to provide a maintenance for his wife, and to place the fund absolutely at her disposal. Her wish, not her need, was the sole condition on which she was entitled to receive the entire sum. She was entitled to a part or the whole as and when she chose. The moment that she demanded a part or the entire amount it was the legal duty of her daughter to pay it. Such provisions are not uncommon, and there is no legal obstacle to their enforcement. The words "give and bequeath" import an absolute gift, to take effect upon the decease of the testator. *Eldridge* v. *Eldridge*, 9 Cush. 516. The second

clause makes clear Mr. Powlesland's intention, for he expressly reserves this bequest to his wife from the amount bequeathed to his daughter, and wills and bequeaths to the latter only the "residue and remainder." "When the gift is absolute, and time of payment only is postponed, the gift vests at once." *Bishop* v. *McClelland's Ex'rs*, 1 L. R. A. 551 (44 N. J. Eq. 450), note, and authorities there cited. See, also, *McCarty* v. *Fish*, 87 Mich. 48; *Rood* v. *Hovey*, 50 Mich. 395. Payment was postponed to such time as the legatee saw fit to demand it. There is no legal obstacle to such a provision.

Three objections are urged against the relief sought:

1. It is urged that the power to sell is a naked one, not coupled with an interest, was personal to her, and was revoked by her death. The intention of the testator is very clear. His will contemplated that his executrix, after the settlement of the estate, should turn the property, real and personal, over to his daughter. He sought to secure the payment of the bequest to his wife. He evidently understood the difficulty of securing her by a lien upon the personal property. He did not desire to leave her with the mere personal obligation of his daughter to pay. He therefore sought to make the amount a charge or lien upon the land devised. The power to enforce this lien was devised in language just as clear as that in which the bequest was made. It was not necessary to declare a lien *eo nomine*. It exists by necessary implication. It follows that the power was coupled with an interest. "Every power given in a will is considered, in a court of chancery, as a trust for the benefit of a person for whose use the power is made, and as a devise or bequest to that person." 2 Washb. Real Prop. *323, § 27. "Where a power of attorney is part of a security for money, it is not revocable." *Walsh* v. *Whitcomb*, 2 Esp. 565. The rule is thus stated in *Bergen* v. *Bennett*, 1 Caines, Cas. 1 (2 Am. Dec. 281):

"A power simply collateral and without interest, or a naked power, is where to a mere stranger authority is

given of disposing of an interest in which he had not before, nor hath by the instrument creating the power, any estate whatsoever. But when power is given to a person who derives, under the instrument creating the power, or otherwise, a present or future interest in the land, it is then a power relating to the land."

As already stated, it became the legal duty of Mrs. Jackman to pay on demand. She could not avoid her legal obligation or destroy the lien by neglecting to pay during the life of her mother. The power was not revoked by her death, but survived to her executor.

2. It is next urged that Mrs. Powlesland elected to take the interest, and therefore was not entitled to the principal. The reply to this is that, under the terms of the will, she might take the interest as long as she chose, and was empowered at any time to demand and receive the entire bequest. The reception of interest did not operate as a waiver of her right to the principal.

Counsel contend that the legacy did not unconditionally vest, but only after she had exercised her choice. If this be accepted as the correct construction, it does not help defendant, for the legatee had exercised her choice by demanding the entire legacy, which became vested when the choice was exercised. *Godshalk* v. *Akey*, 109 Mich. 350, is cited, but the will in that case gave no choice to the legatee to take any part of the principal unless "the income was not sufficient for her comfortable support and maintenance, or if, in case of sickness or feebleness of health, she shall need more than the interest," etc. We held that the bequest was of a life estate only, coupled with the privilege of using the principal if necessary. What the rights of the parties would be if Mrs. Powlesland had contented herself with the interest, making no demand for the principal, we need not discuss.

3. It follows from what we have already said that chancery is the proper forum in which to enforce the lien by which the payment was secured.

Decree affirmed, with costs.

The other Justices concurred.