Frank McNally *et al. vs.* James E. McNally *et al.*

PROVIDENCE—JULY 11, 1901.

Present: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)   *Wills.*

Testamentary devise as follows : " To my daughter B. the upper tenement in house on lot No. 1, including lot, conditioned upon B. paying to my daughter A. the sum of $400." Also to " F. the lower tenement in above said house forever, conditioned upon F. paying to my son J. and daughter E. the sum of $300 cash." The two tenements in house on lot No. 2 were devised in similar terms, the lower to J. and E. including lot, and the upper to M. Then followed these clauses : " The above sums to be paid within three years from the time of my decease. Also said J. and E. are required to provide suitable provisions for the sustenance of my son P. during his life." The lots were not on platted land and had never been designated by plat numbers. They were, however, bought at different times :—

*Held*, that the intent shown by the will was to make the payments a charge upon the estate devised.

*Held*, further, that the devisees of each lot took estates in fee as tenants in common.

*Held*, further, that when testatrix referred to lot No. 1 she meant the lot bought first, and that lot No. 2 was the other lot, bought later.

Bill in Equity seeking the construction of a will. The facts are stated in the opinion.

Stiness, C. J. The will of Mary McNally gave to her daughter Catherine Bell " the upper tenement in house on lot No. 1, including lot, conditioned upon said Catherine paying to my daughter Annie Whalan the sum of $400."

(1)   Also to " Frank McNally the lower tenement in above said house forever, conditioned upon said Frank paying to my son James E. and daughter Eliza the sum of ($300.00 cash) three hundred dollars."

The two tenements in house on lot No. 2 were devised in similar terms, the lower to James E. and Eliza, including lot, and the upper to Bridget McNally.

Then followed these two clauses: "The above sums to be paid within three years from the time of my decease. Also said James E. and Eliza are required to provide suitable provisions for the sustenance of my son Philip during his life."

The bill prays for a construction of the will with a view to dividing the interests of the parties, the respondents admitting the allegations of the bill and joining in the prayer.

The first question raised is whether the payment of the sums stated is a condition precedent or condition subsequent, or a charge upon the real estate devised.

It is plain that the will does not create a condition precedent, because the devises are to take effect upon the death of the testatrix, while the payment is postponed for three years; nor a condition subsequent, because there is nothing in the will to show an intention of the testatrix to subject the estate to forfeiture. The payments were not for the benefit of her estate or of her heirs, generally, to whom a forfeiture would enure, but a mode of equalizing her gifts by requiring children to whom real estate was devised to make payments of money to other children who received no other gift from her. As there is no residuary clause in the will, it is evident that her property consisted only of this real estate which could not be divided into as many parts as there were children. Hence, the equalization in payments of money. The use of the word "conditioned" does not necessarily imply a strict condition, either precedent or subsequent. The intention must control. 2 Washburn on Real Prop. (5th ed.) 631, and cases cited n. 5. We think that the intent in this case was to make the payments a charge upon the estate devised. In *Clapp* v. *Clapp*, 6 R. I. 129, a devise subject to the support of a daughter was held to be a charge.

The next question is as to the estate which the devisees of lots 1 and 2 take under the will. The will gives particular tenements, with the words "including lot" in two clauses, and makes no reference to the lot in the other two clauses,

but requires the devisees in all the clauses to make the pay-ments to other children.   In *King* v. *Cole*, 6 R. I. 584, Ames, C. J., said : "It has long been settled that where a devisee, whose estate is undefined, is directed to pay a specific sum in gross, he takes an estate in fee, on the ground that if he took an estate for life only, he might be damnified by the determination of his interest before the reimbursement of his expenditure ; and that the disparity of the sum imposed to the value of the land, does not prevent the enlargement of the estate."

Upon this principle the devisees of each lot take estates in fee as tenants in common.   This seems to be consonant with the intention of the testatrix, because in devising the tene-ments she uses the word "forever," which indicates that she had in mind a permanent estate.

The next question is as to the identification of the lots. It is agreed that the lots are not upon platted land and are not and never have been designated by plat numbers.   It appears, however, that two parcels of land were bought at different times.   In view of these facts we infer that, when the testatrix referred to lot No. 1 she meant the lot bought first, and that No. 2 was the other lot, bought later.

Decree accordingly.

*Charles R. Easton*, for complainants.

*Thomas W. Robinson*, for respondents.