BENJAMIN F. GEE
*v.*
MARY GERTRUDE GEE.

*Opinion filed October 26, 1903.*

ANNUITIES—*when annuity is a charge upon corpus of land.* An annuity is a charge upon the *corpus* of the land, as well as upon the rents and profits, where the will charges the land with the annuity and empowers the annuitant "to take any and all proper steps to enforce payment" and devises the fee of the land "subject to the annuity."

*Gee* v. *Gee,* 107 Ill. App. 313, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

Mary Gertrude Gee, appellee, filed her bill of complaint in the superior court of Cook county, on March 21, 1901, against Benjamin F. Gee and others, praying for a receiver and an accounting, and for an order requiring appellant to pay the amount found to be due her upon such accounting, and in case of default in the payment thereof, for a sale of certain property devised to appellant by his father, Charles Gee, deceased. Appellant answered the bill, denying that appellee was entitled to the relief prayed for, and averring that he had fully accounted to her. Appellee filed a replication to this answer. The cause was referred to the master in chancery to take the proofs and report his findings and conclusions thereon to the court. The parties stipulated that the following facts were true, and no other evidence was heard by the master:

On October 5, 1891, Charles Gee, the father of the parties, died in the city of Chicago, leaving a will which was duly probated in Cook county. The will, among others, contained the following clauses:

"And I hereby give, devise and bequeath to my said daughter, Mary Gertrude Gee, for and during and until she shall get married however, in case she shall live and remain a single person for and during the term of her natural life, the one annuity or clear yearly rent or sum of $600, free of all taxes and other deductions, to be issuing and payable out of the real estate devised to my son, Benjamin F. Gee, known as the east half ($\frac{1}{2}$) of lots twelve (12), fifteen (15) and sixteen (16), in Johnson, Roberts & Storr's addition to Chicago, in equal monthly payments of $50 each, on the first day of each and every month in each and every year, as aforesaid; and I do hereby charge and subject the said real estate with and to the payment of the said annuity, yearly rent or sum of $600 per annum at the times and in the manner aforesaid, fully empowering and authorizing said Mary Gertrude Gee to take any and all proper and necessary steps

to enforce the payment thereof, as aforesaid, if default shall at any time be made in the payment of any of said payments as aforesaid.

"I do hereby give and devise to my son, Benjamin F. Gee, to have and to hold unto himself and his heirs forever, the following described real estate: The east half (½) of lots twelve (12), fifteen (15) and sixteen (16), in block three (3), in Johnson, Roberts & Storr's addition to Chicago, with the frontage on Elm street, subject to said annuity."

Appellant paid to appellee the sum of $50 per month from the time said will was probated up to and including March 31, 1898, and afterwards paid her $150, which would make the payments up to June 30, 1898. After that she received nothing from appellant. On March 31, 1901, appellee was married. Upon the death of his father appellant went into possession of the real estate and has had the control of it ever since. He has rented it and has collected all the rents and profits since the death of his father. Appellee has contributed nothing to the running expenses of the real estate, but all of these have been paid by appellant, amounting in the aggregate to the sum of $3084.96. The aggregate income from the property up to the time of the marriage of the appellee amounted to $3802.50. The total amount paid to appellee by appellant during this period was $4050. The filing of this bill is the first step appellee has taken to enforce payment of the annuity.

The report of the master finds that the annuity has accumulated through no fault of the appellee, as devisee, but through the failure of appellant to comply with the provisions of the will; that appellee is entitled to recover $1650, but that the will does not charge the *corpus* of the land and that appellee is not entitled to a sale of the fee. It further finds that appellee is entitled to a receiver to collect the rents and apply them to the satisfaction of such amount.

Objections were filed before the master, by both parties, to the conclusions in his report, appellee objecting on the ground that the master had found that the property could not be sold to pay her claim. It was stipulated in open court that these objections should stand as exceptions. The court overruled all exceptions other than that of appellee above stated, and rendered a decree finding appellee entitled to recover $1650 of appellant; also finding that such amount was a lien upon the property, and that it should be paid from the gross rentals due and to become due, free of taxes and other deductions; that it is a continuing and first lien on the gross rentals arising and to arise therefrom, and that the same must be paid from such gross rents and from any sale of the property hereafter made; that the same is a lien upon the *corpus*, and that the remedy is not confined to the rentals. Albert E. G. Goodridge is appointed receiver to collect the rents and profits, and it is ordered that if the amount is not paid within ninety days, the property be sold by the master in chancery and the proceeds applied to the payment of such amount. Appellant appealed from this decree to the Appellate Court for the First District, where the decree was affirmed, and he now prosecutes this further appeal to this court.

WARD, CURREY & WEBSTER, for appellant.

GALT, BIRCH & GALT, and BANGS, WOOD & BANGS, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The determination of the principal question in this cause involves a construction of the two clauses of the will of Charles Gee, deceased, which are set out in the foregoing statement of facts.

It is the theory of appellant that the annuity or rent devised to Mary Gertrude Gee is chargeable only upon

the rents and profits arising from the real estate from which the annuity or rent was to be paid, while appellee contends that this annuity or rent is a continuing charge and lien upon rents and profits arising from said real estate and also upon the *corpus* or body of the land itself. Appellant places great reliance upon the case of *Irwin* v. *Wollpert,* 128 Ill. 527, where the language creating the annuity is almost identical with that of the will now before us; but in the will in the *Wollpert case,* after creating the annuity, the testator made the following provision for its collection in case default was made in its payments, to-wit: "And I do hereby charge and subject the said real estate with and to the payment of the said annuity or yearly rent or sum of $300, at the times and in the manner aforesaid, fully empowering and authorizing my said wife and her assigns,—provided said annuity, or any part thereof, shall remain unpaid after the expiration of thirty (30) days from the time the same shall be due and payable, as aforesaid,—to enter into all and singular the premises charged with the annuity, as aforesaid, and the rents, issues and profits thereof, to receive and take until she and they be therewith and thereby, or by the person or persons then entitled to the immediate possession of the premises, paid and satisfied the same, and every part thereof, and all the arrears then due and payable, together with her and their costs, damages and expenses paid out and sustained by reason of the non-payment thereof." In construing that will effect had to be given to all the language contained therein, and while from the language creating the annuity in that case it might well have been concluded that the annuity was a charge upon the *corpus* of the estate, still, when that language was taken into consideration, together with the provision for the collection of the annuity, it became apparent that the testator intended that the annuity should be paid out of the rents and profits only, and in that cause this court regarded the fact that the annuity, if default was made

in the payment thereof, could be collected by process of law out of the rents and profits only, as the controlling factor in determining the question there presented.

In the will of Charles Gee the language creating the annuity is coupled with the following provision for its collection: "Fully empowering and authorizing said Mary· Gertrude Gee to take any and all proper and necessary steps to enforce the payment thereof, as aforesaid, if default shall at any time be made in the payment of any of said payments as aforesaid." It will be seen that the collection of this annuity or rent was not limited to such sums as could be derived from the rents and profits of the real estate which was burdened therewith. In the case at bar, certain realty was charged with and made subject to the payment of the said annuity by the same clause which created the annuity, which annuity was to terminate upon the death or marriage of the annuitant. By the succeeding clause the same real estate was devised to Benjamin F. Gee, the appellant, "subject to said annuity." In the case of *Einbecker* v. *Einbecker*, 162 Ill. 267, the following language from page 637 of the second edition of Theobald on Law of Wills is quoted with approval: "If the capital is given over 'subject to' or 'after payment' of the annuities, the *corpus* is liable." We regard the law so stated as decisive of the principal question in this case, and as the will speaks of this charge as an annuity or rent, "to be issuing　*　*　*　out of the real estate," we regard it as a continuing charge or lien upon the rents arising from said real estate until all arrearages of the annuity shall be paid, and in this view of the matter it was not error for the court below to appoint a receiver for the purpose of applying rents to the satisfaction of that decree.

In construing this will we do not regard it important that it is possible the entire value of the real estate may, upon the theory we have adopted, be consumed in the satisfaction of this annuity, because, upon appellant's

reasoning, if the annual gross income from the land were $600 per annum and no more, it should all be applied to the payment of the annuity. Taxes and repairs would have to come from the *corpus* itself, and it might thereby be completely consumed, and bring about the same disastrous end that appellant inveighs against as the possible result of the course that may be pursued under the construction placed upon this will by the court below.

It is also urged that appellee was guilty of such *laches* in bringing this suit that her right to the relief given by the decree was thereby barred. Appellant paid her at the rate of $50 per month up to March 31, 1898, and thereafter paid her $150 on account. These payments were made without any reference to whether the rents from the real estate were sufficient for the purpose. Under these circumstances we think appellee was justified in believing that her brother considered her entitled to the $50 per month without regard to the amount of the rents, and that being true, such delay as occurred would not constitute a defense to this bill.

Benjamin F. Gee has placed a trust deed upon this real estate to secure a large sum of money, evidenced by promissory notes which were held, at the time this suit was begun, by the Union Trust Company. Appellant contends that by a certain quit-claim deed executed by Mary Gertrude Gee her right in this real estate is made subject to the payment of this indebtedness now held by the Union Trust Company, and that the decree entered below is in disregard of the rights of that company. As neither that company nor the trustee in the deed made to secure these notes is a party to this suit, we do not consider this question.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*