---

(No. 11062.—Reversed and remanded.)
MARTHA WINGFIELD *et al.* Appellees, *vs.* LAURA E. EDWARDS, Appellant.

*Opinion filed February 21, 1917.*

1. WILLS—*payments need not be expressly made a charge upon land but the intention to do so may be implied from language of will.* Whether annual payments which devisees are required to pay from the income of land devised to them are made a charge upon the land depends on the terms of the will and the intention of the testator, and if such intention appears from the language of the will it will be given effect although the payments are not in express terms charged upon the land.

2. SAME—*what provision of will shows intention to make payments a charge on land devised.* A provision in a will that after the death of the testator's wife the devisees shall annually pay to his daughter a sum of money equal to one-fourth of the net income from the land devised so long as the devisees shall live and hold the land and so long as the daughter shall live, shows an intention to make such payments a charge upon the land during the joint lives of the parties and while the devisees shall hold the title to the land.

3. SAME—*when a contract to convey will not absolve devisees from making payments charged upon the land devised.* Where a testator provides that after the death of his wife the devisees shall annually pay to his daughter a sum equal to one-fourth of the income from the land devised so long as the devisees shall live and

hold the land and so long as the daughter shall live, the devisees cannot, by making a contract to convey, which the purchaser refused to carry out, absolve themselves from liability for an annual payment becoming due under the will after the contract was made but while the title was still in the devisees.

APPEAL from the Circuit Court of Champaign county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding.

F. T. CARSON, and DOBBINS & DOBBINS, for appellant.

GREEN & PALMER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A decree was entered in the circuit court of Champaign county granting the relief prayed for in a bill filed by the appellees, Mae Wingfield and Martha Wingfield, against the appellant, Laura E. Edwards, and others, for a construction of the will of Samuel Wingfield, and to quiet the title to eighty acres of land devised to the complainants by the will, and dismissing for want of equity a cross-bill filed by Laura E. Edwards, who alone appealed from the decree.

Samuel Wingfield died on June 23, 1907, the owner of eighty acres of land in Champaign county, and the questions involved in the appeal relate solely to the construction of the seventh and eighth clauses of his will, which are as follows:

"*Seventh*—I give, devise and bequeath to my daughters Mae Wingfield and Martha Wingfield my eighty acres of land situated in Philo township, State of Illinois, to have to hold to them, my said daughters, and their heirs and assigns, forever, provided that my wife, Rebecca J. Wingfield, shall retain a life interest in one-third of my eighty acres of land as above described and said land shall not be sold during her lifetime.

"*Eighth*—It is my will that from the death of my wife that Mae Wingfield and Martha Wingfield, if living, shall

277 — 12

pay annually to my daughter Laura E. Edwards a sum equal to one-fourth the net income from above described eighty acres of land so long as they both shall live and hold the same and so long. as my daughter Laura E. Edwards shall live."

The widow, Rebecca J. Wingfield, to whom a life estate in one-third of the land was devised, died on January 1, 1912, when the provision for annual payments to Laura E. Edwards became effective. The bill alleged that after the death of the widow the complainants paid to the defendant Laura E. Edwards a sum equal to one-fourth of the net income from the land up to March 1, 1915; that the complainants had entered into a contract with Charles Plotner by which they agreed to convey the land to him on March 1, 1915, and that Plotner took possession but refused to perform the contract or accept a conveyance from the complainants. The bill set forth as the true construction of the will that the complainants were only liable to pay a sum, annually, equal to one-fourth of the net income of the land until they should sell and convey the same, and after such sale and conveyance the defendant Laura E. Edwards would have no right to any further payment under the will. Defendant Laura E. Edwards answered the bill, and all other defendants interested in alleged clouds upon the title were defaulted. By her answer Laura E. Edwards disputed the construction of the will averred by the bill to be the correct one, and claimed a right to receive one-fourth of the net income of the land as long as she lived and that the real estate was charged with the payment of the same. The cause was referred to the master in chancery, who reported the evidence with a finding of fact that the complainants had entered into a contract wherein they agreed to convey the land to Charles Plotner for $225 per acre, and that Plotner had refused to complete the contract or receive the conveyance offered. As a conclusion of law the master reported that the defendant Laura E. Edwards had no inter-

est in the land and there was no liability for the payment of any sum of money to her. Laura E. Edwards excepted to the findings of the master and filed her cross-bill on June 24, 1916, alleging that since March 2, 1915, a further annual payment equal to one-fourth of the net income from the land had become due and payable and had not been paid, and claiming, as in her answer, that she had a right to annual payments during her natural life. On June 30, 1916, the decree was entered dismissing the cross-bill, finding that the provision for annual payments to Laura E. Edwards was not a charge upon the lands, and that the devisees were under no further liability to pay any sum after making the contract with Plotner for a sale and conveyance of the premises, and quieting the title as against all the defendants.

Whether the annual payments to Laura E. Edwards provided for by the will were charged upon the land devised depends on the terms of the will and the intention of the testator to be gathered therefrom. They were not so chargeable unless made so by the will, either expressly or by necessary implication. (*Gee* v. *Gee,* 204 Ill. 588.) It was not necessary, however, that the payments should be in express terms charged upon the land, but such an intention of the testator may appear from the language of the will, and if it does appear it will be given effect. An illustration of the rule is found in the devise of a residuary estate after prior gifts, which means a devise of what is left after such gifts, and therefore an intention that the residuary estate shall be charged with the prior gifts is manifest. (*Stickel* v. *Crane,* 189 Ill. 211.) Samuel Wingfield provided that after the death of his wife the devisees of the land should annually pay to his daughter Laura E. Edwards a sum equal to one-fourth of the net income from the land, and the amount was fixed at a sum of money equal to one-fourth of such income, doubtless because of the common custom of receiving income in a share of the products of the land instead of money. His intention was that Laura E. Edwards should

have one-fourth of whatever the land might produce in the way of income, to be paid to her in money, and not that there should be a mere personal liability of the devisees to pay her a sum of money, ascertained by finding the income from a piece of land having nothing to do with the payments. He certainly did not intend to fix a mere measure of personal liability for the payments but did intend they should be charged upon the land. Laura E. Edwards was to have one-fourth of the income from the land and was to have it in money, to be paid to her by the devisees of the land, and as the source from which her share was to come was the land, the payments were charged upon it. The period during which payments were to be made was so long as the devisees both should live and hold the land and so long as Laura E. Edwards should live, which meant during the joint lives of the parties while the devisees should hold their title to the land. The right to payments accrued on January 1, 1912, and they were to be made annually thereafter during the period so fixed. The claim of the complainants, adopted by the chancellor, was, that when the complainants contracted with Charles Plotner to convey the land to him on March 1, 1915, all liability ceased, although Plotner refused to carry out the contract and the complainants had not parted with the title, and it was not known that they would ever part with the title under the contract or that it would ever be performed. On June 30, 1916, when the decree was entered, an annual payment had become due on January 1, 1916, by the terms of the will. It had not been paid, and the right to it was claimed by the cross-bill, which was dismissed for want of equity. It was error to dismiss the cross-bill and grant relief to the complainants, absolving them from any obligation to pay anything after March 1, 1915, when they had not sold and conveyed the land.

The decree is reversed and the cause remanded.

*Reversed and remanded.*