OSTRANDER *v.* MUSKEGON FINANCE CO.

1. WILLS—INTENT TO BE GATHERED FROM FOUR CORNERS.
      The intention of the testator is to be gathered from the
      four corners of the will.[1]

2. SAME—CONSTRUCTION—RIGHT OF WIDOW TO SELL LAND.
      Will construed and *held*, to be testator's intent to give
      to his widow the title in fee in case she remained his
      widow, and if she did not, she was still to have full
      control of the property with the right to sell, and then
      it was her duty to divide the proceeds in the way in-
      dicated in the will.[2]

3. SAME—DEEDS—VALIDITY OF CONVEYANCE BY TESTATOR'S WIDOW.
      The grantee of a widow who exercised the right given
      her in her husband's will to sell land, *held*, to have ac-
      quired a good title.[3]

Error to Muskegon; Cross (Orien S.), J., presiding.
Submitted January 22, 1925.    (Docket No. 69.)    De-
cided April 3, 1925.

Ejectment by Annabelle G. Ostrander against the
Muskegon Finance Company and others.    Judgment
for defendants on a directed verdict.    Plaintiff brings
error.    Affirmed.

*F. E. Wetmore* and *Charles B. Cross* (*Irving H.
Smith*, of counsel), for appellant.

*Bunker & Rogoski*, for appellees.

MOORE, J.    This is an ejectment case brought by
a daughter of Thomas B. Gregory to recover an un-
divided one-third interest in real estate owned in his
lifetime by Thomas B. Gregory, deceased.    The case

[1]Wills, 40 Cyc. p. 1389; [2]Id., 40 Cyc. p. 1702; [3]Vendor and Pur-
chaser, 39 Cyc. p. 1477.

involves the construction of a will made by Mr. Gregory; the material parts so far as this inquiry are as follows:

"I give and bequeath to my beloved wife, Mary Jane Gregory, all my property known as follows: * * *

"Provided, she remains my widow.   But, if my said wife should marry again, the property may be sold at a fair market price, she to retain her one-third, the balance to be divided between my daughters, Lilly, Annabelle and Maude, share and share alike.   Be it understood that my wife is to have full control of all the property, and if it becomes necessary, she may sell some that she may have enough of an income to support herself economically."

This will was duly probated and it is stated by counsel for the appellant that the probate judge entered an order assigning the residue of the estate to Mrs. Gregory, the order indicating an intention to release the real estate to Mrs. Gregory.   Mrs. Gregory remarried December 18, 1905, and it is stated by counsel for the appellees that soon thereafter she was divorced. April 18, 1920, she gave a warranty deed of the property, through which defendants claim.   Mrs. Gregory died June 18, 1920.   The declaration in this case was filed January 28, 1924.   The defendants claim Mrs. Gregory had a right to sell by virtue of the will. They also plead the statute of limitations based upon the fact that more than 15 years had elapsed between the marriage of Mrs. Gregory and the bringing of this suit.   It is also claimed that plaintiff is estopped because she caused a suit, which is yet pending, to be instituted to get her share of the proceeds resulting from the giving of the deed by Mrs. Gregory.   At the conclusion both parties asked for a directed verdict.

The trial judge expressed himself in part as follows:

"He also directs in the will that she shall have full control of the property and in case she remarries, that

then the property shall be sold at a fair market price, and that the widow shall retain her one-third, and divide the balance between the three daughters, naming them.    As I view it, he gave her the full right, the full power to sell the property on either of those two events happening, that is, if she needed the property for her own support or in case she married, that then she should sell it and divide it among these people.    She did sell the property, and it became her duty, if she sold it, to divide it according to the specifications here in the will, and under those circumstances the defendants would take a clear title to the property, that is, she had a right to convey the property to the defendants, and under the situation the plaintiff here would not be entitled to possession of the premises, so the defendants are not guilty of unlawfully withholding the property from the plaintiff. One of you may act as foreman on the jury, and on inquiry from the clerk, as directed by the court, you will say that you find the defendants not guilty of unlawfully detaining the property.    (The verdict was taken accordingly.)"

Counsel have filed very carefully prepared briefs in which they cite a great many authorities.    We shall not quote all of them, nor shall we attempt to analyze them.    It is a familiar rule of law that the intention of the testator is to be gathered from the four corners of the will.    *Gadd* v. *Stoner,* 113 Mich. 689; *Smith* v. *Jackman,* 115 Mich. 192; *Robinson* v. *Finch,* 116 Mich. 180.

The will is a short one and is not ambiguous.    If we apply the rule above stated, we think it is clear that Mr. Gregory intended to give Mrs. Gregory the title in fee in case she remained his widow.    We think it also clear that, if she did not remain his widow, he still gave her full control of the property, with the right to sell, and if this was done, it became her duty to divide the proceeds in the way indicated in the will.    Mrs. Gregory exercised the right to sell, and her grantee got a good title.    See 3 Comp. Laws 1915, § 11604; *Ashton* v. *Railway Co.,* 78 Minn. 201

(80 N. W. 963) ; *Matthews* v. *Capshaw,* 109 Tenn. 480 (72 S. W. 964, 97 Am. St. Rep. 854) ; *Cain* v. *Cain,* 127 Ala. 440 (29 South. 846) ; *Roberts* v. *Lewis,* 153 U. S. 367 (14 Sup. Ct. 945) ; *Little* v. *Giles,* 25 Neb. 313 (41 N. W. 186).

We think the trial judge reached a right conclusion. It is unnecessary to express any opinion as to the other defenses urged by counsel for the defendants.

The judgment is affirmed, with costs to the appellees.

McDONALD, C. J., and CLARK, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.