HERBERT W. TULLGREN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

S. MINARD TULLGREN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9738, 32599, 32600. Promulgated June 28, 1929.

*Frank Hormuth, Esq.*, for the petitioners.
*J. F. Greaney, Esq.*, for the respondent.

1244

**OPINION.**

Trussell: By his will petitioners' father bequeathed to his widow an annuity of $6,000 per year, charging that it be paid by petitioners. By a subsequent clause of the will he devised to these petitioners certain real property "subject" to the payment of the annuity mentioned. The balance of his estate he gave to petitioners, specifically excepting it from charge on account of the annuity.

By bequests of this character the question is raised as to whether the payment of the annuity is to be construed as a condition precedent or subsequent or as a charge upon the land, and by the great weight of authority it is held that it is not a condition precedent, unless expressly so directed by the will in language which shows such to have been the testator's intention, and that, in the absence of an evidenced intention that failure of the devisee to pay the annuity should work a forfeiture, it will not be construed as a condition subsequent, but merely a charge upon the land. *Winn* v. *Tabernacle Infirmary*, 135 Ga. 380; 32 LRA (NS) 512; 69 S. E. 557; *Alexander* v. *Alexander*, 156 Mo. 413; 57 S. W. 110; *McNally* v. *McNally*, 23 R. I. 180; 49 Atl. 699; *Hawkins* v. *Hansen*, 92 Kans. 740; LRA 1915 A 95; 142 Pac. 280; *Burdis* v. *Burdis*, 96 Va. 81; 30 S. E. 462; *Schrader* v. *Schrader*, 158 Iowa 85; 139 N. W. 160; *Pennington* v. *Pennington*, 70 Md. 418; 3 LRA 816; 17 Atl. 329; *Sherman* v. *American Congregational Assn.*, 113 Fed. 609. Even where the devisee is specially directed by the will to pay the annuity as a condition of the devise, the courts hold that the effect is merely to create a charge upon the lands. *Springer's Appeal*, 111 Pa. 228; 2 Atl. 855; *Parsons* v. *Miller*, 189 Ill. 107; 59 N. E. 606; *Patrick* v. *Patrick*, 135 Ky. 307; 122 S. W. 159; *Smith* v. *Jackman*, 115 Mich. 192; 73 N. W. 228; *Woods* v. *Gilson*, 178 Mass. 511; 61 N. E. 58; *Hutchins* v. *Hutchins*, 42 N. Y. S. 601; *Jacobs* v. *Ditz*, 260 Ill. 98; 102 N. E. 1077; *Allen* v. *Allen*, 121 N. C. 328; 28 S. E. 513; *Prince* v. *Barrow*, 120 Ga. 810; 48 S. E. 412.

In *McNally* v. *McNally, supra,* where the testatrix left certain real estate to a son and daughter " conditioned upon " their paying to other of her children specified sums and providing support for another son during his life, the court said:

The first question raised is whether the payment of the sums stated is a condition precedent or condition subsequent, or a charge upon the real estate devised. It is plain that the will does not create a condition precedent, because the devises are to take effect upon the death of the testatrix, while the payment is postponed for three years; nor a condition subsequent, because there is nothing in the will to show an intention of the testatrix to subject the estate to forfeiture. The payments were not for the benefit of her estate or of her heirs, generally, to whom a forfeiture would inure, but a mode of equalizing her gifts by requiring children to whom real estate was devised to make payments of money to other children who received no other gift from her, * * *. The use of the word " conditioned " does not necessarily imply a strict condition, either precedent or subsequent. The intention must control. 2 Washb. Real Property (5th Ed.) 446, par. 3 and cases cited in Note 5. We think that the intent in this case was to make the payments a charge upon the estate devised.

The rule discussed above is accepted and applied by the courts of Wisconsin, in which State decedent resided, and the will was probated, and under whose laws the rights and obligations of these parties with respect to the property in question must be determined. In *Korn's Will*, 128 Wis. 438; 107 N. W. 659, in which a bequest similar to the one here in question was involved, the court said:

The will does not, in terms, provide that the same should be a charge, but uses the expression that the devise to William is upon the condition that he shall, within one year after the widow's death, pay this amount to Phillipina. The expression, " upon condition," if not otherwise qualified, might be construed as a condition precedent so that William could not take the land at all without making such payment, but since he was to take in possession immediately upon his mother's death, and was not required to make the payment until afterwards, namely, within a year, of course no condition precedent was intended. If, then, it is a condition at all, it is a condition subsequent, but there is no suggestion that his title is to be divested upon breach of that condition, and no provision is made for any one else to take the land upon such breach. Hence, it seems necessary to deduce some other practical meaning and purpose from this language. We are persuaded that the trial court reached substantially the right conclusion on this subject. We think it plain that this $5,000 provision for the daughter—all that she receives under the will—was a very dominant purpose in the mind of the testator, and that his wishes, as evidenced by the will, would not be satisfied unless she receives it; hence that he intended to declare his will that out of this farm, constituting nearly half of his estate, should be paid, in any event, $5,000 to the daughter Phillipina; that this purpose should not be defeated either through William's inability to raise that amount of money upon his limited estate therein, or otherwise. To reach this result he must have intended to confer upon her the right to a lien or charge for this amount upon the whole title in these premises, and we agree with the trial court in holding that the will does so.

In the case before us the devise to these petitioners is to take effect upon the death of the testator, the payments of the annuity being for succeeding years. There is no indication of an intent that the passing of title should await the expiration of the term of the annuity and that the payment of same is to be a condition precedent; nor is there an indication of an intent that the failure to make such payments shall work a forfeiture, and no such intention can be presumed, in view of the fact that the forfeiture would not effect a change in petitioners' interest in the property, for any interest which they might forfeit under this specific devise they would thereupon take, in identically the same proportion, as residuary legatees.

An annuity which is a charge against property is from its nature payable first out of income and any deficiency charged against corpus. · *Cummings* v. *Cummings*, 146 Mass. 501; 16 N. E. 401; *Richardson* v. *Hall*, 124 Mass. 228; *Rowe* v. *Lansing*, 53 Hun. 210; 6 N. Y. S. 777; *Matter of Haviland*, 49 Hun. 301, 1 N. Y. S. 904 (affd. 27 N. E. 412); *Pierrpont* v. *Edwards*, 25 N. Y. 128; *Comstock* v. *Herron*, 55 Fed. 803; *Cooper's Estate*, 147 Pa. 322; 23 Atl. 456; *Gee* v. *Gee*, 204 Ill. 588; 68 N. E. 515. See also *J. W. Auld*, 13 B. T. A. 1213.

In *Hammond* v. *Hammond*, 169 Mass. 82; 47 N. E. 535, the court said:

Even if there were no express provision in regard to payment, the division of the legacies to each of his children into five equal parts, one to be paid in each year, would be an indication that they were to be paid from income, rather than from the principal of his estate. In *Cummings* v. *Cummings*, 146 Mass. 501, 16 N. E. 401, it was said that "the very nature of an annuity suggests, when those charged with the payment of it have in their hands a fund producing income sufficient to pay it, that the payment should be made from the income, and not from the principal."

In the light of the decisions above cited we conclude that these petitioners each took, under the will of their father, an undivided one-third interest in this real property over and above a charge against such interests in the sum of $6,000 a year in favor of their mother, payable first out of the yearly income, and, as to any deficiency, out of corpus.

The record shows that for the year 1923 the rents from this property were insufficient to pay the full amount of the annuity. We hold that none of this represented income to petitioners. For the year 1924 the rents were sufficient to more than pay the annuity, and we hold that only to the extent of such excess did these rents represent income to these petitioners. It appears that they have for that year included the full amount of the rent received by each and taken a deduction of the amounts of $3,000, each, paid their mother. The method used was not correct, as payments made of the annuity did

not represent proper deductions, but the net taxable income arrived at was in this respect correct, as they had overstated their incomes by an amount equal to the annuity payments by inclusion of the full amount in each case received from the Lake Shore Apartment. Upon disallowance of the deductions taken on account of the annuity payments in that year, respondent should have decreased the income reported as received from this property by the amounts of the annuity payments. This was the action taken by him as to 1923 and was correct.

For 1923 the amount paid by S. Minard Tullgren, as his portion of the annuity to his mother, over and above the $414.56 received by him from the property does not represent a loss to him. This payment, although made from personal funds, is in fact a payment out of the corpus of the property charged with the annuity, and what he took under the will of his father was merely the residuum of his share of the property over and above the extent to which it might be exhausted in meeting annuity payments. Such a payment is a capital transaction and represents a cost to him of the property in satisfying the lien of the annuity.

It is accordingly determined in the proceeding under Docket No. 9738 that there is a deficiency as to S. Minard Tullgren for the calendar year 1923 of $172.86; that under Docket No. 32600 there is no deficiency as to S. Minard Tullgren for the calendar year 1924; and that under Docket No. 32599 there is no deficiency as to Herbert W. Tullgren for the calendar year 1924.

*Judgment will be entered accordingly.*