TERRELL, Justice.
In July 1950, Frank Richard executed ■his will in which he devised to Nathan Sallet his property located at 726 Florida Avenue, Jacksonville, together with furniture, fixtures and personal property. He devised to Rachel Corbin his 'property located at 722 Florida Avenue, Jacksonville, and to Minnie Taylor his property located at 948' Oakley Street, Jacksonville.
The testator died in January 1951, his will was duly admitted to probate and in April 1952, this action in ejectment was brought by appellant as sole surviving heir of the testator claiming title to the property. Appellees answered the complaint asserting title to the properties by virtue of the devise to them itnder the will. Complainant and defendants moved for summary judgment. Evidence was taken and judgment was entered in favor of the defendants. This appeal is from that judgment.
*238 The point for determination is whether or not a devise of houses and land described by street and number, absent delineation by metes and bounds is sufficient to carry title to the devisee.
It is admitted that the houses devised to appellees are located on the same parcel of land, that the said land has never been divided or any portion of it allocated to the buildings, but that the tract of land and the buildings are susceptible of definite location by street and number and that the yard or grounds not covered by the buildings has been used by the testator and tenants as a common close for hanging weekly wash and other purposes.
The primary contention of appellant is that the devise is void because the three buildings are located on the same parcel of land which is not separated by fences or other lines delineating the land that belongs to each house.
We do not think there is any merit to this contention. In construing a will the court should give effect to the intent of the testator if that can be gleaned from its contents. In the will under review there is no doubt of the intent of the testator. He could hardly have expressed his purpose in clearer language. The law is well settled that lands may be devised by street and number and such devises carry the real property, grounds and other appurtenances on which the dwelling is located. Mass. Suburban Society, Inc. v. Ormond Village Investment Association, 152 Fla. 1, 10 So.2d 494; Heller v. Heller, 147 Ill. 621, 35 N.E. 798; Holmes v. Roddy, 176 Tenn. 624, 144 S.W.2d 788, 69 C.J. 382.
So far as the record discloses it may be that the devisees have agreed on a division of the real estate. If they have not, an examination of the plat and survey filed in evidence discloses that it may be readily divided into three parts with one of the buildings on each part. Until this is done or a mutual division is perfected the devisees hold the property as tenants in common. McNally v. McNally, 23 R.I. 180, 49 A. 699; Burton v. Keaton, Fla., 60 So.2d 770, 69 C.J. 573; In re Hollands Estate, 180 Or. 1, 175 P.2d 156.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.