AMER TILLEY, et al. v. LUCY A. KING, et al.

*Will— Condition Precedent.*

1. A condition in a will, precedent to the vesting of an estate therein devised, may be valid, notwithstanding there is no ulterior limitation of such estate.

2. The testator devised a tract of land to his widow for life, and if his grandson "stays with us until after our deaths and takes care of us, then I give and bequeath this tract to him forever." The testator made other provisions for his children, among them being the father of the said grandson: *Held,* that the requirement that the grandson should remain with the testator and his wife and care for them until their deaths, constituted a condition precedent to the vesting of the estate in the land devised to him.

This was a CIVIL ACTION, tried before *Graves, J.,* at the Special Term of the Superior Court held for the county of STOKES on the 20th day of July, 1891.

The plaintiffs alleged that they are tenants in common with the defendants of the lands described in the pleadings as the heirs at law of A. B. Tilley.

The defendants denied this, and alleged that under the will of A. B. Tilley, deceased, they, as the heirs of P. H. Tilley, are the sole owners of the described land.

It was admitted that the will of A. B. Tilley was made in 1873; that P. H. Tilley had been living with him for two or three years before the will was made, and continued there until he died, in 1881; that he remained one year after his grandfather's death with his grandmother and then left. It was further admitted that his grandmother lived for seven or eight years after P. H. Tilley left her; that A. B. Tilley made provision for his children in his will, and among the number J. A. Tilley, the father of P. H. Tilley, who was living at the time of testator's death, and that the only grandchild willed specially any property was P. H. Tilley.

The plaintiffs proposed to show that P. H. Tilley only remained with his grandmother one year after the death of his grandfather, when, without any provocation, but voluntarily, he left. The defendants objected to this testimony; the objection was sustained, and plaintiffs excepted. The plaintiffs further proposed to show that after his grandfather's death P. H. Tilley refused to stay longer with his grandmother unless she would pay him wages, and to induce him to stay she did pay him as wages a part of the crop cultivated by him. The defendants objected to this testimony; objection sustained, and plaintiff excepted.

His Honor being of the opinion that, under the will of A. B. Tilley, P. H. Tilley had a vested remainder in the lands after the death of his grandmother, and that there was not such a condition precedent, the failure to perform which defeated the estate of the said P. H. Tilley, held that the defendants claiming through said P. H. Tilley were sole seized of said lands and not tenants in common with the plaintiffs. Upon this intimation and ruling of the Court, the plaintiffs submitted to a nonsuit and appealed.

The portion of the will material to the case is—

"I give and bequeath to my wife Lockey Tilley the tract of land whereon I now live, and if Powell H. Tilley stays with us until after our deaths and takes care of us, then I give and bequeath this tract of land to him forever."

*Mr. C. Manly,* for plaintiffs.

*Messrs. R. F. Haymore* and *J. T. Morehead* (by brief) and *C. B. Watson,* for defendants.

SHEPHERD, J.: The only question material to be considered is whether his Honor was correct in ruling that in the will of A. B. Tilley there was no condition precedent to the vesting of an estate in his grandson P. H. Tilley, and that

the latter took a vested remainder expectant upon the determination of the life-estate of his grandmother.

The words to be construed are as follows: "And if Powell H. Tilley stays with us until after our deaths, and takes care of us, then I give and bequeath this tract of land to him forever." The testator provided for his wife and children, among whom was the father of P. H. Tilley, and there is no mention of the latter in any other part of the will, nor is there anything in that instrument which in anyway explains or controls the ordinary meaning of the above words.

The language is, to our minds, entirely explicit, and must be construed to mean precisely what it declares unless some rule of interpretation is met which imperatively requires us to do otherwise.

Now, it is well settled "that there are no precise technical words in wills, nor even in deeds, to make a stipulation a condition precedent or subsequent * * * (and) that it is to be construed according to the intention as gathered from the whole instrument." 2 Minor's Inst., 260; 4 Kent., 125.

Even according to technical rules, the words used by the testator are words of strict condition, but regardless of such rules it is clear to us that it was not the intention of the testator that any estate should vest in his grandson until after the death of his wife, and then only in the event of his having fully performed the conditions imposed. How could this intention have been more clearly emphasized than by the use of the word "then" and what, we ask, is there in the will that authorizes us to give a different meaning to the language employed?

The cases cited by counsel for the defendant are where the devising clause is followed by or coupled with a proviso that the devisee shall pay to another a specific sum (*Woods* v. *Woods*, Busb., 290; *Whitehead* v. *Thompson*, 79 N. C., 450), or to support or maintain a certain person. *Misenheimer* v.

*Sifford,* 94 N. C., 592.   In these and other similar cases to be found in the text-books, the Courts have been astute in holding such provisions to be either conditions subsequent, or trusts or charges upon the land.   In our case there are no direct words of devise, and the vesting of the estate is clearly postponed until the performance of the conditions.   Even if we could ignore the plain meaning of the language, it would be difficult to put the case within the principle of the decisions mentioned, because, from the very nature of a part of the conditions (that is, to live with the grandparents and give them the comfort of his society), it could not be enforced by way of trust or charge.

The testator and his wife had no children living with them, and it was natural that they should desire the society of their grandchild in their declining years.   The father of this child had already been provided for, and, under the circumstances, we cannot hesitate in holding that the testator intended to create a condition precedent.

It is insisted that where the condition requires something to be done which will take time, it should be construed as a condition subsequent.   But, says a writer of high authority, if there be "a condition which involves anything in the nature of a consideration, it is in general a condition precedent."   Theobald, Law of Wills, 400.

As we have seen that the living with these old people was a material inducement to the making of the devise, the principle referred to has no application.

Again, it is urged that there is no limitation over to a third person upon a failure to perform the conditions.   This undoubtedly has great weight where the intention is left in doubt, but it can have no influence where the meaning is clearly expressed, for it is an elementary principle that a condition precedent may be created without an ulterior limitation.

For the reasons given, we think that there should be a new trial.                                            Error.