STARK, Executor, and others, Appellants, vs. CONDE, Respondent.

*September 23 — October 11, 1898.*

*Wills: Testamentary trusts: Determination of legatee's fitness to take bequest: Condition precedent: Impossibility of performance: Failure of bequest.*

1. A testator bequeathed a sum of money to his executor, as trustee, for the use and benefit of a nephew, C., upon the limitation and condition that it should be kept invested until C. reached the age of thirty years, at which time if said trustee deemed C. competent to care for and make proper use of said sum he was to pay it over to him; but if for any reason said trustee should then be of opinion that C. would not prudently and properly use and manage said sum, and that it could not safely be intrusted to him, he was not to be entitled thereto, and the money was bequeathed to the surviving children of a brother and sister. The testator did not die until eleven months after C. became thirty years of age. *Held,* that the trustee had no right to determine C.'s fitness or unfitness to take the bequest. CASSODAY, C. J., is of the opinion that the trustee had such right.

2. In such case, a determination by the trustee upon the question of C.'s fitness to manage and care for the money thus bequeathed to him when the latter became thirty years of age was a condition precedent to the vesting of the legacy; and, performance having become impossible by reason of the expiration of the time limited prior to the death of the testator, the bequest failed, and the trust fund passed to the residuary legatee under a residuary clause in the will.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The facts are stated in the opinion.

For the appellants there was a brief by *Fish, Cary, Upham & Black* and *Stark & Hansen,* and oral argument by *John T. Fish.* They argued, among other things, that the legacy in question was given to and vested in the executor, as trustee, and did not vest in interest in *Conde* upon the death

Stark and others vs. Conde.

of the testator. The gift was subject to the precedent condition that the trustee should be of opinion and should determine, in the exercise of his best judgment, that *Conde* was competent, upon reaching the age of thirty years, "thereafter to care for, manage, and use the sum in question prudently and properly." *Finlay v. King's Lessee*, 3 Pet. 346, 374; 2 Williams, Ex'rs (7th Am. ed.), 514, 515, 520, 521, 527–530; 1 Roper, Legacies, 565, 567; Lowndes, Legacies, 167; *Hanson v. Graham*, 6 Ves. 244; *Atkins v. Hiccocks*, 1 Atk. 500; *Atkinson v. Turner*, 2 id. 41; *Elton v. Elton*, 3 id. 504; *Scott v. West*, 63 Wis. 566; *Webster v. Morris*, 66 id. 366, 383; *Baker v. Estate of McLeod*, 79 id. 534, 541; *McCartney v. Osburn*, 118 Ill. 403; *Kingman v. Harmon*, 131 id. 171; *Everitt v. Everitt*, 29 N. Y. 74; *McGillis v. McGillis*, 154 id. 532, 540; *Dupre v. Thompson*, 8 Barb. 537; *Vanderpoel v. Loew*, 112 N. Y. 167, 181. The conditions in the bequest and the intervention of the trustee conclusively show that no gift was intended, in any sense, until the time appointed and the decision of the trustee, both of which were required to precede the vesting of any right or interest in the bequest on the part of *Conde*. *Warner v. Durant*, 76 N. Y. 133, 136; *Delafield v. Shipman*, 103 id. 463; *Scofield v. Olcott*, 120 Ill. 372, 373; *Rushmore v. Rushmore*, 12 N. Y. Supp. 776; *Burns v. Clark*, 37 Barb. 496; *West v. Moore*, 37 Miss. 114; *Reuff v. Coleman*, 30 W. Va. 171; *Jarboe v. Hey*, 122 Mo. 341. See, also, cases of condition precedent cited in notes to 2 Williams, Ex'rs, 558. The respondent can establish no claim to the legacy except through the action of the executor, as the gift was expressly made contingent upon such action. He has acted, and his decision adverse to *Conde* is valid and binding, and the legacy is due and should be paid to the nephews and nieces of the testator, to wit, the surviving children of Joshua Stark and Sarah Jane Smith.

For the respondent there was a brief by *J. W. Wegner* and *Timlin & Glicksman*, and oral argument by *W. H. Timlin* and

*Mr. Wegner.* They contended, *inter alia,* that *Conde* took a vested interest. The determination by the executor is, as to him, a condition subsequent; as to the bequest to the children of Joshua Stark and Sarah Jane Smith, a condition precedent. Chaplin, Suspension of Power of Alienation, § 56; *Baker v. Estate of McLeod,* 79 Wis. 534; Chaplin, Express Trusts & Powers, 495, 496; *Webster v. Morris,* 66 Wis. 366; *Burnham v. Burnham,* 79 id. 557; *Stearns v. Godfrey,* 16 Me. 160, and cases cited; *Brown v. Evans,* 34 Barb. 594; *Martin v. Ballou,* 13 id. 119, 136; *Taylor v. Wendel,* 4 Bradf. 324; *Boies v. Wilcox,* 40 Barb. 286; 1 Roper, Legacies, 619; *Scofield v. Olcott,* 120 Ill. 362, and cases cited; *Hawkins v. Bohling,* 168 id. 214. *Conde* having reached thirty in the lifetime of the testator, and the latter having made no change in his will and in no way declared *Conde* unworthy, it must be presumed that his conduct had the approval of the testator, and the conditions and limitations upon the devise to him were gone. *Parnell v. Lyon,* 1 Ves. & B. 479; *Smith v. Cowdery,* 2 Sim. & S. 358; *Parker v. Parker,* 123 Mass. 584; *Wheeler v. Warner,* 1 Sim. & S. 304; *Hoss v. Hoss,* 140 Ind. 551; *Morse v. Hayden,* 82 Me. 227; *Nunnery v. Carter,* 5 Jones Eq. (N. C.), 370.

CASSODAY, C. J.    It appears from the record that the testator, Edwards J. Stark, of Milwaukee, died February 4, 1897, leaving a will made and dated December 17, 1889, which was proved and admitted to probate March 2, 1897, and letters testamentary were thereupon issued to the plaintiff *Charles G. Stark.* The fifth clause of the will is as follows, to wit: "I give and bequeath to my brother *Charles G. Stark,* of the city of Milwaukee, Wisconsin, as trustee, the sum of ten thousand ($10,000) dollars, in trust for the use and benefit of my nephew *Charles Edward Conde,* of the said city of Milwaukee, but upon the following limitations and conditions, to wit: Said sum shall be invested by said

trustee as soon after the same shall come to his hands as may be, and shall be kept invested by him until my said nephew attains the age of thirty years; and if at that time said trustee deems my said nephew competent to care for and make prudent and proper use of the said sum of ten thousand ($10,000) dollars, and is of the opinion that it is safe and advisable to do so, he shall then pay over to my said nephew, *Charles Edward Conde*, said sum of ten thousand ($10,000) dollars, with interest thereon at the rate of five per cent. per annum from the time he first invests said sum until the day of payment thereof; but if, in consequence of the business habits or personal conduct of said *Charles Edward Conde*, or for any other reason, said trustee, in the exercise of his best judgment, shall be of the opinion that my said nephew, when he reaches the age of thirty years, will not thereafter prudently and properly manage and use the said principal sum, and that the same cannot be safely intrusted to him, then said *Charles Edward Conde* shall not be entitled to, and is not to receive, the aforesaid sum of ten thousand ($10,000) dollars and interest, or any part thereof; and in that event I give and bequeath said principal sum, with the aforesaid interest thereon, to the then surviving children of my brother Joshua Stark, and of my sister Sarah Jane Smith, share and share alike, the said principal sum and interest to be then immediately paid to such surviving children of my said brother and sister last named."

The executor proceeded to administer the estate in accordance with the will. On October 2, 1897, he filed with the county court his petition giving an account of his administration, and praying, among other things, for a construction of the fifth paragraph of the will quoted. Upon due notice given and hearing had, the county court, May 4, 1898, adjudged and decreed that the executor of the will should pay the sum of $10,000, with interest, if any, mentioned in the fifth item or paragraph of the will, to *Frank G. Stark, Kate*

Stark and others vs. Conde.

*A. Inbusch, Alice Smith, Mary Spencer, Carrie Smith,* and *William Stark Smith,* children of Joshua Stark and Sarah Jane Smith, respectively. From that judgment *Charles Edward Conde* appealed to the circuit court.

Upon the hearing of such appeal it was found by the circuit court, as matters of fact, in effect, that Edwards J. Stark died testate February 4, 1897; that his last will and testament was duly admitted to probate March 2, 1897; that *Charles G. Stark,* the executor named therein, was duly appointed and qualified as such executor, and has since been acting as such; that such executor has in his hands, ready for distribution, money sufficient to pay, satisfy, and discharge all the legacies in the will provided for; that Edwards J. Stark was a bachelor, and at the time of his death left him surviving, as his only heirs at law, three brothers and two sisters, and the said *Charles Edward Conde,* the latter being the only child of a deceased sister of the testator; that the names of the brothers of the testator surviving him are Joshua Stark, *Charles G. Stark,* and Theodore F. Stark, and the names of his sisters are Maria H. Stark and Sarah Jane Smith; that the will contained, among other provisions relating to other legacies or bequests, the fifth paragraph, quoted; that *Charles Edward Conde* was born March 3, 1866; that his mother was a sister of the testator; and died in 1877; that *Charles Edward Conde* arrived at thirty years of age March 3, 1896; that the testator did not die until about eleven months afterwards; that the children of Joshua Stark surviving at the date of the testator's death were *Frank G. Stark* and *Kate A. Inbusch,* and that the children of Sarah Jane Smith surviving at the same date were *Alice Smith, Mary Spencer, Carrie Smith,* and *William Stark Smith,* all of whom are still living and of the age of twenty-one years and upward.

As conclusions of law the court found, in effect, that, under the terms of the will quoted, the legacy of $10,000 vested in

interest in *Charles Edward Conde* at the date of the testa-
tor's death; that the limitations and conditions concerning
the same, contained in the will, are in the nature of condi-
tions subsequent, and impossible of performance as specified
in the will; that, the testator having lived until after *Charles
Edward Conde* reached the age of thirty years, the exec-
utor had no right or power to determine that he would not
prudently or properly manage and use the legacy, or that
the same could not be safely intrusted to him, or that he
could not have it for any other reason; that the time within
which such determination should have been made had ex-
pired prior to the death of the testator; that the legacy hav-
ing vested in interest in *Charles Edward Conde*, nothing
could, under the will and the attending circumstances, occur
subsequently to divest it; that the proper construction of the
will required the executor to pay over to *Charles Edward
Conde* the legacy of $10,000, upon demand by him; that
*Charles Edward Conde* is entitled to his costs and disburse-
ments, to be paid out of the estate.

From the judgment entered thereon accordingly the plaint-
iffs bring this appeal.

Of course, the will did not become effectual until the tes-
tator died and the same had been admitted to probate. *Scott
v. West*, 63 Wis. 555. The bequest is, in effect, to the executor,
as trustee, in trust for the use and benefit of *Conde* upon the
conditions and limitations that he (the trustee) would keep
the sum mentioned invested until *Conde* should attain the
age of thirty years; and that "*if at that time said trustee*"
should deem *Conde* "competent to care for and make prudent
and proper use of the said sum," and should be of the opinion
that it would be safe and advisable to do so, "then" he was
thereby required to pay it over to *Conde;* but if, in conse-
quence of *Conde's* business habits or personal conduct, or for
any other reason, said trustee, in the exercise of his best
judgment, should at that time be of the opinion that *Conde*

Stark and others vs. Conde.

would not thereafter prudently and properly manage and use such bequest, and that the same could not safely be intrusted to him, then he was not to give it to him, but the same was thereby bequeathed to the other persons therein named. It appears that December 1, 1895, fourteen months prior to the testator's death, *Conde* was discharged from the service of Stark Bros. Co., in which he had been employed for several years, on account of repeated acts of dissipation and other irregularities of conduct which unfitted him for business; and that in consequence of his business habits and personal conduct the executor did not, on the day and year last mentioned, nor at any time subsequently, deem him competent to care for or make prudent or proper use of the bequest mentioned, nor was the executor at any time of the opinion that it would be safe or advisable to intrust *Conde* with such bequest. The manifest purpose of the testator was to " give and bequeath " the sum mentioned to his executor, as trustee, and to be held by him in trust, and not paid over to anybody, until *Conde* should become thirty years of age; and that "*if at that time said trustee*" should, in the exercise of his best judgment, be of the opinion that *Conde's* business habits and personal conduct answered the requirements prescribed, then that he should pay the bequest over to him; otherwise, to the other persons named. Whether the bequest was to be paid over by the trustee to *Conde* or the other persons named was, by the terms of the will, made to depend entirely upon whether, in the opinion of the trustee, *Conde's* business habits and personal conduct satisfied the requirements prescribed. *Conde* was nearly twenty-four years of age when the will was executed. For some reason the testator concluded not to give the bequest to him, but in trust, as indicated. He gave him more than six years in which to demonstrate his fitness or unfitness for the gift. He manifestly never intended that *Conde* should enjoy the bequest if he did not, within the time prescribed,

give satisfactory evidence of such fitness.  By the terms of the will *Conde* was only to receive such bequest on the condition of his fitness so first ascertained.  Such fitness so ascertained was a condition precedent to his receiving the bequest.

The case comes within well-recognized rules of law.  Thus, it is said by an old and learned author that: " A fifth instance of exception must be made out of the positive rule applicable to the vesting of legacies, where the gift of the legacy and the time of payment are in terms distinct, when the period for payment is contingent, as upon the marriage or the taking of holy orders of the legatee; for in neither of those instances will the legacy vest before the happening of the contingency, as we have seen it would have done had the time of payment been certain.  The distinction is founded upon the following reasoning: It must be inferred that where the time is certain, as when the legatee attains the age of twenty-one, the testator merely postponed the payment of the legacy in consideration of the legatee's unfitness to manage his affairs prior to that period; but, when the event annexed to the payment may or may not happen, it is to be presumed that the expectation of its taking place was the sole motive, and therefore of the essence of the bequest." 1 Roper, Legacies, 562, 563.  For illustrations of the rule, see Id. 566–572.  Following text writers, this court has declared that: " Legacies payable at a future time certain to arrive, and not subject to a condition precedent, are vested. . . .  On the other hand, legacies only payable on an event which may never happen, and hence subject to a condition precedent, are contingent." *Scott v. West,* 63 Wis. 566. Thus it is said by another text writer that: " When a future time for the payment of the legacy is defined by the will, the legacy will be vested or contingent, according as, upon construing the will, it appears whether the testator meant to annex the time to the payment of the legacy, or to the

gift of it." 2 Williams, Ex'rs (7th Am. ed.), top pages 514, 515. In *Everitt v. Everitt*, 29 N. Y. 75, DENIO, C. J., states the rule thus: "The leading inquiry upon which the question of vesting or not vesting turns is whether the gift is immediate, and the time of payment or of enjoyment only postponed, or is future and contingent, depending upon the beneficiary arriving of age or surviving some other person, or the like. If futurity is annexed to the substance of the gift, the vesting is suspended; but, if it appear to relate to the time of payment only, the legacy vests instanter." See *McGillis v. McGillis*, 154 N. Y. 532, 540; *Burns v. Clark*, 37 Barb. 496; *West v. Moore*, 37 Miss. 114; *Reuff v. Coleman*, 30 W. Va. 171; *Jarboe v. Hey*, 122 Mo. 341. See 2 Jarman, Wills (6th ed.), top pp. 1–6, *841–*844; Perry, Trusts, § 508. Some of these cases are quite similar to the case at bar. Of course, all of such rules are subservient to the intention of the testator as expressed in his will.

As already indicated, in the case at bar the manifest intention of the testator was that *Conde* should not receive the bequest except on condition of his fitness, to be so determined by his executor. The gift to him was contingent upon the judgment and opinion of the executor as to his character and competency. By the terms of the will the executor was required to exercise such judgment and express such opinion when *Conde* attained the age of thirty years; and, if at that time *Conde's* business habits and personal conduct were satisfactory to the executor, then he was required at once to pay over the bequest to *Conde*. As indicated, when *Conde* reached that age the testator was still living, and, of course, there was no executor, much less one having power to so determine. Nor was there any executor until more than eleven months afterwards. By reason of that fact, the court are of the opinion that the circuit court was right in holding, in effect, that the executor had no right or power to determine whether *Conde's* business habits

or personal conduct answered the requirements of the will, for the reason that the time limited by the will for making such determination had expired prior to the death of the testator; and hence the condition was impossible of performance as required by the will. This ruling brings the case within the well-established rules "that where a condition *precedent* annexed to a devise of real estate or of a charge on realty becomes impossible to be performed, even though there be no default or laches on the part of the devisee himself, the devise fails." 2 Jarman, Wills, *849. "Where the performance of the condition is the sole motive of the bequest, or its impossibility was unknown to the testator, or the condition which was possible in its creation has since become impossible by the act of God, or where it is illegal as involving *malum in se*, in these cases the civil agrees with the common law in holding both gift and condition void." Id. *853. "A condition precedent, impossible either in its creation or under the existing circumstances, or illegal, carries down in its defeat the gift whose vesting depended upon it, though the donee himself be blameless; and strict construction here avails little if it cannot pronounce that the will in reality imposed no distinct condition precedent at all." Schouler, Wills, § 599. See, also, *Boyce v. Boyce*, 16 Sim. 476; *Davis v. Angel*, 4 De Gex, F. & J. 524; *S. C.* 31 Beav. 223; *West v. Moore*, 37 Miss. 114. In *Burns v. Clark*, 37 Barb. 496, the condition was held impossible by reason of the insanity of the testator's wife, and so the bequest was disposed of under the *cy pres* doctrine in force in that state, but not in force in this state. In this state it has been held that: "A bequest to the Wisconsin Female College, 'provided that the trustees have changed the name, before my decease, to Downer College,' does not take effect unless there was a complete legal change in the corporate name before the death of the testatrix. And it is immaterial that the trustees were not informed that a legacy would

be given the college on such a condition." *Merrill v. Wis. Female College,* 74 Wis. 415. In *Burnham v. Burnham,* 79 Wis. 566, 567, relied upon by counsel for *Conde,* it was held that the estate vested upon condition subsequent which was rendered impossible of performance by reason of the death of the legatee before the expiration of the time given him for performance; and it was said that " the rule of law is well settled, and in fact elementary, that ' if a condition subsequent be possible at the time of making it, and becomes afterwards impossible to be complied with, either by the act of God or of the law or of the grantor, or if it be impossible at the time of making it, or against law,— the estate of the grantee, being once vested, is not thereby divested, but becomes absolute.' " The counterpart of the proposition seems to be equally true when applied to a condition precedent. The result is that the bequest in the case at bar fails by reason of the nonperformance of the condition, and hence passes to the residuary legatee, under the residuary clause of the will.

My own judgment is that the executor had, under the will, the power and right to determine the competency or incompetency of *Conde,* and to carry into effect the purpose of the testator as expressed in the portion of the will quoted, notwithstanding the testator did not die until nearly a year after *Conde* became thirty years of age. No authority has been cited by counsel to that effect, however, and, with the limited time at my command, I have found none.

The costs and disbursements of all parties in this court and in the circuit court are payable out of the estate. The county court will make such allowance to the respective parties out of the estate for counsel fees as, in the exercise of a sound discretion, may be just.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.