Louis Mollencamp *et al.* v. Carrie Farr *et al.*

No. 13,952.    (79 Pac. 646.)

SYLLABUS BY THE COURT.

Descents and Distributions — *Will Construed.* A testator whose family consisted of a wife and six minor children, two sons and four daughters, devised a farm which comprised substantially all his estate to his widow for her life, and added: "I desire that the farm at her death should go to my two sons, Louis and George; providing . . . that they pay over whatever difference there may be in the appraisement or allotment made by their mother for the benefit of my other children, said allotment to be made at the discretion of my wife." *Held,* that under the circumstances of this case the requirement of this proviso formed a condition precedent, and no title could pass to the sons under the clause quoted without an appraisement or allotment's having been made by the mother.

Error from Lincoln district court; Rollin R. Rees, judge. Opinion filed February 11, 1905. Affirmed.

*David Ritchie,* and *F. H. Dunham,* for plaintiffs in error.

*Z. C. Millikin, H. W. Rahmeier,* and *George D. Abel,* for defendants in error.

The opinion of the court was delivered by

MASON, J. : This proceeding involves the construction of the will of George Mollenkamp, who died March 22, 1888, owning personal property valued at $635 and a farm worth about $2500, subject to a mortgage for $600. He was survived by his widow, two sons, aged respectively twelve and eleven years, and four daughters, one aged seventeen years, the others all younger than the sons. His will was drawn by a neighbor unversed in the law, and reads as follows :

"I, George Mollenkamp, of the county of Lincoln, state of Kansas, being of sound mind and memory, do make and publish this. my last will and testament, in manner and form following, that is to say :

"*First* : I give, devise and bequeath to each of my children the sum of $25 (twenty-five dollars) to be paid to each on their respective twenty-first birthdays, said moneys to be paid from the proceeds of the farm..

"*Second* : I give, devise and bequeath to my beloved! wife, Catharina Adelpheia Mollenkamp, the farm on which she now resides, to have and to hold during her natural life, for the benefit of self and family. I desire that the farm at her death should go to my two sons, Louis and George, providing that they have been obedient and kind to their mother and sisters, and displayed energy in developing the best resources of the farm, and providing also that they pay over whatever difference there may be in the appraisement or allotment made by their mother for the benefit of my other children, said allotment to be made at the discretion of my wife.

"*And last*, I hereby constitute and appoint my said wife, Catharina Adelpheia Mollenkamp, to be the executrix of this my last will and testament.

"In witness whereof, I have hereunto set my hand, this 5th day of March, A. D. 1888."

The will was duly probated and the widow elected to accept its provisions.   She died June 7, 1889, without having taken any action under the clause relating to appraisement and allotment.   A guardian for the minor children was appointed, who took charge of, and managed, the farm for the benefit of all the children for some years, paying off the mortgage from its proceeds.   In 1897 he leased it to George, who at the time bought of him certain personal property of the estate, paying therefor $450, which was divided equally among the children.   In 1902 the four daughters brought an action for partition, claiming that each child owned an undivided one-sixth of the farm.   The two sons answered, asserting title to the whole of it under the terms of the will.   The trial court sustained the claim of the plaintiffs, and the defendants, Louis and George Mollenkamp, prosecute error.

In support of the judgment rendered it is suggested that the portion of the will relating to the farm's going to the sons upon the death of their mother should be treated as a mere recommendation and not as an imperative direction, since it employs the phrase "I desire," in apparent contrast with the twice-repeated expression "I give and bequeath."   Whether in any given case words of a will precatory in form are to be interpreted as mandatory in effect depends upon the true intent of the testator, to be arrived at by consideration of the context, and, perhaps, of the attending circumstances.   Here we shall assume that the doubtful term should not be literally construed, but should have the force of a command, although there is room for a plausible argument to the contrary.   The inquiry, then, is whether the will imposed upon the

acquisition of the property by the testator's sons a condition precedent which has not been performed. This likewise is to be determined by a rational search for the real purpose of the decedent, in the light of all available sources of information. Thus viewed the problem is not difficult of solution.

The provisions regarding the good conduct of the sons may be treated as unimportant, or, perhaps, as presumptively having been fulfilled, but there remains the fact that the devise to them is made to depend upon their paying over "whatever difference there may be in the appraisement or allotment made by their mother for the benefit of" the other children, such allotment to be made at the discretion of their mother. The words quoted doubtless have no distinct technical meaning, but obviously they were used to express the idea that the mother was to estimate the value of the farm and divide the amount into as many parts as there were children, and that the sons were to take the property, provided they should pay to each of the daughters the amount determined by such appraisement and allotment. The only other interpretation offered by plaintiffs in error is that the provision that the allotment was to be made "at the discretion of" the mother meant that she was to be at liberty to make it, or not to make it, as she should see fit, implying that it rested with her to charge against the farm, for the benefit of her daughters, such sum as she should deem proper, or by inaction to permit her sons to take it absolutely. We do not think such a reading is fairly to be derived from the language itself, from the context, or from any of the attendant circumstances. The appraisement and allotment are spoken of, not as steps that may be taken, but as steps that are to be taken. The matter com-

mitted to the discretion of the widow is not whether an allotment shall be made, but how it shall be made. This seems the natural meaning, and we think it the one intended by the testator.

It is evident that the father had no thought of discriminating against any of his children; that he wished his sons to acquire title to the farm, to the exclusion of their sisters, only upon making them due compensation, to be determined by the method indicated. This constituted the requirement a condition precedent. Whether or not it was necessary that any money should actually be paid, or that the land should be accepted subject to its payment, before the title should vest in Louis and George Mollenkamp, it was necessary that the amount should be fixed; and, as this never was fixed, and as upon the death of Mrs. Mollenkamp it became impossible to fix it in accordance with the terms of the will, the performance of the condition became impossible, and the title became absolute in the heirs of the senior George Mollenkamp. (*Goff v. Pensenhafer*, 190 Ill. 200, 60 N. E. 110; *Stark and others v. Conde*, 100 Wis. 633, 76 N. W. 600.) The requirement exacted of the defendants was in the nature of a consideration for the devise, and on that account it should be regarded as a condition precedent. (29 A. & E. Encycl. of L., 1st ed., 473, 474.)

It is urged by plaintiffs in error that the silence of the will as to the effect of a failure to perform the conditions named — there being no devise over and no forfeiture provided for in set terms — militates against the conclusions announced. In the case of personal property such an omission is, by a technical rule, given peculiar force; but where real property is affected this rule does not apply, and the circumstance is important only so far as it may tend to throw light upon the

purpose of the testator. (2 Jarm. Wills, 5th Am. ed., 582; *Phillips and ux. v. Ferguson and al.*, 85 Va. 509, 1 L. R. A. 837, 17 Am. St. Rep. 78, 8 S. E. 241; *Tilley v. King*, 109 N. C. 461, 13 S. E. 936; *Mills v. Newberry et al.*, 112 Ill. 123, 1 N. E. 156, 54 Am. Rep. 213.) In some cases it might, in that aspect, afford an argument against a change of disposition resulting from a breach of the condition, upon the principle that had any such change been in contemplation a statement would naturally have been made as to what it should be; but here it is plain that the testator had no thought of the property's going elsewhere upon the death of his wife than where it would have fallen by law—to all his children in equal shares, except in the event specially provided for—the fulfilment of the condition precedent.

The judgment is affirmed.

All the Justices concurring.