URSULLA LYNCH ET AL. V. RALPH MELTON ET AL.

(Filed 5 May, 1909.)

**Wills—Construction—Devises Upon Condition—Unforeseen Circumstances.**

> A will must be so construed as to effectuate the evident intent of the parties; and a devise by a testatrix of all of her property to her child by adoption and the object of her affection and solicitude, "provided she lives with her said uncle until she becomes free by age or marriage," will not be construed to divert the estate of the niece, who lived with her uncle after testatrix's death, because she was forced to leave him for her safety, owing to his subsequent unsoundness of mind and insanity, a condition not to have been anticipated by the testatrix before her death.

ACTION heard by *Justice, J.,* who found the facts, by consent, at November Term, 1908, of CLEVELAND.

Plaintiffs appealed.

*Ryburn & Hoey* for plaintiffs.
*Quinn & Hamrick* for defendants.

CLARK, C. J.   By consent, the judge found the facts, which may be succinctly stated as follows: The testatrix, wife of J. D. Simmons, was childless, and took her orphan niece, L. E. Melton, to live with her, at the age of four years, on the death of the latter's mother.   When the child had reached ten the testatrix died, leaving a will, with the following clause therein: "I give and devise to my beloved husband, J. D. Simmons, the tract of land on which we now reside, containing thirty-three acres of land, and also all my personal effects, of whatsoever character, for his special benefit during his natural life, then to go to my niece, L. E. Melton, if anything left at his death, *provided she lives with her said uncle until she becomes free, by age or marriage,* otherwise to go as the law directs."   After the death of the testatrix the little girl continued to live with her uncle a few months, when he evinced symptoms of insanity, and, being conscious of it, he asked her father to take the child to his home in Oklahoma, which he did.   The child was willing and anxious to stay with her uncle, but it was unsafe to remain, and he had

IN THE SUPREME COURT. [150

LYNCH v. MELTON.

decided to break up his home. Soon after, he was admitted to the insane asylum, and died something over two years after the testatrix.

A will must be so construed as to effectuate the evident intent of the testator. Here the child was evidently the object of the testatrix's bounty, and the just construction of the clause of the will above quoted is that she devised a life estate in the land to her husband, with a vested remainder in fee to her niece, defeasible if she voluntarily failed to live with her uncle until she became married or of age. Without her fault and contrary to her will, she was compelled to leave, by the insanity of her uncle and his determination to break up his home, and at the uncle's request the child was removed by her father to his own home.

His Honor properly held that the fee was vested in remainder in L. E. Melton, expectant, upon the death of the life tenant, and had not been divested. The performance of the condition having become impossible without any fault on the part of the devisee, the condition, in the eye of the law, was not broken and there was no defeasance. *Woods v. Woods,* 44 N. C., 290; *Thomas v. Howell,* 1 Salk, 170; 1 Inst., 206; *Hammond v. Hammond,* 55 Md., 575; *Merrill v. Merrill,* 10 Pick., 511.

Where plaintiff, to whom a tract of land was devised upon condition that he should remain with the widow of the testator until her death, was wrongfully ejected from the land by the agent of the widow (who was a devisee of the land of which the plaintiff's was a part), the plaintiff's estate, upon the widow's death, cannot be defeated upon the ground that the condition was not performed by the plaintiff's not remaining on the plantation until the widow's death. *Harris v. Wright,* 118 N. C., 422.

In *Finley v. King,* 3 Pet., 711, *Marshall, C. J.,* said: "It was admitted in argument, and is certainly well settled, that there are no technical or appropriate words which always determine whether a devise be on a condition precedent or subsequent. The same words have been determined differently, and the question is always a question of intention. If the language of the will shows that the particular clause, or if the whole will shows that the act on which the estate depends must be performed

before the estate can vest, the condition is, of course, precedent, and unless it be performed the devisee can take nothing. If, on the contrary, the act does not necessarily precede the vesting, and where the estate had previously vested, it will become absolute by the death of such person."

Again in the same case he says: "Conditions belong to cases where all means to accomplish the testator's purpose are in his view and being; but when subsequent events change the existing state of things so essentially as to render the performance impossible—for instance, if a devise be made on condition that the devisee consent to marry a particular person and that person dies—the performance is rendered impossible by the happening of an event subsequently which the testator never contemplated; and where the estate had previously vested, it will become absolute on the death of such person."

The appellants rely upon *Tilley v. King,* 109 N. C., 461, but the facts in that case are not similar to this. There the testator clearly intended to provide support and attention for himself and wife in their declining years, and the devise to his grandson was made to compensate him for his services if he "stays with us until after our death and takes care of us." The devisee, P. H. Tilley, voluntarily left the wife of the testator about one year after the death of testator and seven or eight years before her death. There was no providential hindrance to his compliance with the prescribed conditions, as in the case at bar.

The judgment below is

Affirmed.