Hawkins v. Hansen.

---

No. 18,731.

CARRIE MARY HAWKINS, *Appellant*, V. STINA HANSEN et al., *Appellees*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. WILLS—*"Conditions Precedent"*—*"Conditions Subsequent"*— *Depend upon Intent of Testator.* There are no technical words to distinguish between conditions precedent and conditions subsequent; whether they are one or the other depends upon the intent of the person creating the condition. If the thing to be done does not necessarily precede the vesting of the estate in the grantee, but may accompany or follow it, and may as well be done after as before the vesting of the estate, the condition is subsequent.

2. SAME—*Following Clause Creates a Condition Subsequent.* A will contained the following provision:

"To Andrew Hansen, my son-in-law, who for some time past has been taking care of myself and wife, I give, will and bequeath after the death of myself and . . . my wife, all our property herein described. . . . Provided he shall take as he has heretofore taken, good, kind and loving care of us, provided us with all necessaries of every kind and nature during the remainder of our lives."

*Held*, that the performance of the condition does not necessarily precede the vesting of the estate but may accompany or follow it, and it is therefore a condition subsequent.

3. SAME—*Substantial Performance of Conditions by Grantee.* Upon the facts stated in the opinion, *held*, there was a substantial performance of the condition, an exact compliance having been prevented by the voluntary act of the person for whose benefit the condition was imposed.

Appeal from Phillips district court; WILLIAM S.
LANGMADE, judge. Opinion denying a rehearing filed
July 7, 1914. (For original opinion of affirmance see
*ante,* p. 73, 139 Pac. 1022.)

*E. E. Sprague,* of Goodland, *F. W. Mahin,* and *I. M.
Mahin,* both of Smith Center, for the appellant.

*R. Frank Stinson, William Kingery,* both of Phillips-
burg, *E. S. Rice,* and *W. S. Rice,* both of Smith Center,
for the appellees.

The opinion of the court was delivered by

PORTER, J.: The original opinion in this case (*ante,*
p. 73, 139 Pac. 1022) contains a slight inaccuracy in a
statement of the facts, and this is seized upon by coun-
sel for appellant in a petition for rehearing in which it
is insisted that the court failed to read the abstract. In
the original opinion it was stated that:

"Mrs. Levisen elected to take under the will, and for
more than ten years the Hansens lived with her on the
place and took care of her. This was a substantial
compliance with the condition in view of the fact that
there was evidence from which the court might have
found, if special findings had been made, that after the
death of Andrew Hansen, Stina Hansen was willing to
continue to provide, care for and support Mrs. Levisen
during the remainder of Mrs. Levisen's life, and was
only prevented from complying with the agreement by
the refusal of Mrs. Levisen to live with her or to allow
her to remain on the farm. Mrs. Levisen lived less
than three months after the death of Andrew Hansen."
(p. 76.)

The only inaccuracy in the statement consists of the
words "on the place." The Hansens, it appears, lived
there only seven years. Three years of the ten they
leased the farm and lived somewhere else in the neigh-
borhood, and Mrs. Levisen lived with them. However,
it was and is absolutely of no consequence whether the

Hansens lived "on the place" or not. The provision of the will which we were considering reads as follows:

"To Andrew Hansen, my son-in-law, who for some time past has been taking care of myself and wife, I give, will and bequeath after the death of myself and Anna Marai Levisen, my wife, all our property herein described, after all lawful debts and bequests are paid, provided he shall take as he has heretofore taken, good, kind and loving care of ús, provided us with all necessaries of every kind and nature during the remainder of our lives."

They were not required to live on the farm during any portion of the time, and could have complied with the condition and resided away from it all of the time.

There is a further contention in the petition for rehearing that the statement in the opinion that "there was evidence from which the court might have found, if special findings had been made, that the wife of Andrew Hansen was willing to continue to provide and care for Mrs. Levisen," is incorrect, and that special findings of fact were made. The appellant is wrong in this contention. No findings were made by the trial court of any of the facts upon which the judgment turned. On the contrary, the judgment was a general one in favor of Stina Hansen. It is true that the court made certain findings and conclusions of law, but not a single fact was found or attempted to be stated by the court as a basis upon which the judgment was predicated. The only facts stated were that due and legal service of summons had been made upon certain defendants who were not concerned in this appeal; that a guardian *ad litem* had been appointed for a minor; that another person had been made a party upon his own application. The only finding with respect to the appellant is that she ought not to have any relief under her petition, and this is a conclusion of law which we held and still hold to be a sound one. The opinion was correct in stating that if special findings had been made of the facts there was sufficient evidence from which

the court might have found that Stina Hansen was willing to continue to provide for Mrs. Levisen and was only prevented from doing so by the refusal of Mrs. Levisen to live with her or to allow her to remain on the farm.

In the petition for a rehearing it is insisted that the court misapplied the law and misapprehended or overlooked certain important facts which the appellant thinks should govern the case, and the questions presented by the original brief are reargued at length. In construing the will counsel for appellant would look to the first clause alone, and because the language in that clause, taken by itself, bequeaths all the property to the testator's wife, they insist that the subsequent clause (quoted *supra*) is repugnant and can have no effect. The court followed the rule of construction which has been uniformly adopted in this state so as to give effect to every part of the will, provided an effect can be given to it which appears to be consistent with the general purpose and intent of the testator as gathered from the entire instrument. (*Ernst v. Foster,* 58 Kan. 438, 49 Pac. 527; *Williams v. McKinney,* 34 Kan. 514, 9 Pac. 265; *Hurst v. Weaver,* 75 Kan. 758, 762, 90 Pac. 297; *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87; *Blair v. Blair,* 82 Kan. 464, 108 Pac. 827; *Rooney v. Hurlbut,* 79 Kan. 231, 98 Pac. 765, and many other cases which might be cited.)

The rule applicable to just such a case was well stated in *Williams v. McKinney,* supra, where it was said:

"The words used in the first part of this provision, taken by themselves, and without qualification or limitation, would certainly give to the widow an estate in fee simple; but we are not to determine the legal effect of the will from any detached portion thereof, nor from any single phrase which it may contain. All parts of it should be considered and construed together, and if possible it should be construed in such a way as to arrive at the intention of the testator. The leading consideration in determining its effect is, what disposition did the

testator intend to make of his property; and this intention is to be learned from an examination of the entire context of the instrument. It has been said that 'the construction of a will depends upon the intention of the testator, to be ascertained from a full view of everything contained within the four corners of the instrument.' " (p. 518.)

In *Blair v. Blair,* supra, it was said:

"In construing a will the meaning of the words used will be expanded or restricted so as best to express the purpose and intent of the testator." (Syl. ¶ 1.)

In the original opinion it was said:

"Applying the same rules of construction to the present case, we have no difficulty in construing the will as did the trial court; and we hold that the testator's intention was to devise to his wife a life estate with remainder to Andrew Hansen, provided Andrew Hansen complied with certain conditions named in the will. Otherwise we must give no force or effect whatever to the clause in which the testator declares the intention that, provided his son-in-law shall take kind and loving care of the testator and his wife, and furnish them with necessaries of every kind and nature during the remainder of their lives, then all the property described in the will should become his property. The circumstances under which the will was executed convince us that this was his intention, and that his wife fully concurred therein and was satisfied with the provision." (*Ante,* p. 76.)

Counsel now complain that the court refused to decide whether the condition upon which Andrew Hansen was to take the property was a condition precedent or subsequent; they insist that by the express language of the will it was a condition precedent, and that this court erred in holding that a substantial compliance with such a condition is sufficient. They invoke the doctrine that strict compliance is always required where there are conditions precedent. We are asked if we are "willing to adopt the rule and say in the face of the decisions of all the states that where there are conditions precedent to be performed, title will pass

without full performance of such precedent condition."
And counsel say:

"Why not pass squarely upon the proposition? If
the court desires to go upon record as saying that a
will which devises property for the care and support of
the devisor and his wife does not create a condition
precedent and the devisee may refuse to carry out the
terms of the will and still hold title to the property, it
has the power to do so."

It is hardly necessary for us to go upon record for
the purpose of determining what would be the result
where a devisee refuses to carry out the terms of the
will and to perform the condition upon which he was
to take the title of the property, since we have no such
case as that before us. As said in the opinion, there
was a substantial compliance with the condition. There
are a number of elementary propositions which we did
not think it necessary to state in the former opinion
but which are controlling. It is well settled that there
are no technical words to distinguish between condi-
tions precedent and conditions subsequent; whether
they are one or the other depends upon the intent of
the person creating the condition. There are no "pre-
cise technical words necessary to the creation of a con-
dition precedent or subsequent, either in a will or in
a deed; but the same words may be construed to operate
either as the one or the other, according to the evident
sense in which they are used, as indicated by the in-
strument. Upon this principle all the cases profess to
have been decided." (*Creswell v. Lawson,* [Md.]
7 Gill & J. 227, 240.)

"It is equally well settled that if the thing to be done
does not necessarily precede the vesting of the estate
in the grantee, but may accompany or follow it, and
may as well be done after as before the vesting of the
estate, the condition is subsequent." (*In re Stickney's
Will,* 85 Md. 79, 102, 36 Atl. 654, 60 Am. St. Rep. 308,
312; *Martin v. Ballou,* 13 Barb. 119, 133; 1 Jones, The
Law of Real Property and Conveyancing, § 619; *Fin-
lay et al. v. King's Lessee,* 3 Pet. 346.)

A case directly in point is *Bryant's Adm'r v. Dungan,* 92 Ky. 627, 18 S. W. 636, 36 Am. St. Rep. .618. The testator devised one hundred acres of land to his wife. A subsequent will contained this provision:

" 'I will and devise the above one hundred acres of land willed to my wife, Sarah, to go to my grandson, E. L. Dungan, at the death of his grandma, Sarah Bryant, upon the condition that he stays with her and supports her and cares for her until her death, then he is to have her part of said farm and homestead; otherwise to be void if he shall fail to perform my will.' " (p. 628.)

In the opinion the court said :

"The language quoted clearly conveys to the appellee an immediate title to the one hundred acres of land, which, taken in connection with the life estate devised to his grandmother, is a vested remainder. And the subsequent expression: 'To go to my grandson, E. L. Dungan, at the death of his grandmother, Sarah Bryant, then he is to have her part of said farm and homestead,' evidently relate to the time that the appellee was to enjoy the estate. . . . From what has been said, it is evident the appellee took a vested remainder; and the conditions imposed were conditions subsequent; and it follows that the noncompliance with those conditions did not divest him of his estate, unless the noncompliance was the result of his fault, which was not the case here, because he was ready and willing to comply, and proffered to comply, but his grandmother refused." (p. 629.)

Numerous decisions hold that the failure to perform a condition as to the support of some designated person will not be considered a breach where performance is prevented by the voluntary act of the person for whose benefit the condition was imposed, on the ground that in such a case such person has power to waive performance. (See cases cited in Note, 27 L. R. A., n. s., 688, under title, "Conditions Subsequent.")

We think it is doubtful if any of the authorities cited by counsel really sustain their contention. Most of them are easily distinguishable by the language of the

will or by the facts and circumstances. Some of the
cases relied upon hold squarely against the appellant.
Counsel say that "in order to determine (whether the
condition imposed upon Andrew Hansen was a con-
dition precedent) we must look to the decisions of this
and other courts." They then quote from *Burdis v.
Burdis,* 96 Va. 81, 30 S. E. 462, 70 Am. St. Rep. 825, as
follows:

"If the language of the particular clause, or of the
whole will, shows that the act on which the estate de-
pends must be performed before the estate can vest,
the condition is precedent, and unless it be performed,
the devisee can take nothing." (p. 84.)

The language quoted is a mere statement of a gen-
eral rule which no one will dispute. The remainder
of the paragraph from which it is taken states the
converse rule as follows:

"If, on the contrary, the act does not necessarily
precede the vesting of the estate, but may accompany
or follow it, and this can be collected from the whole
will, the condition is subsequent. (*Finlay v. King,* 3
Pet. 346; *Martin v. Ballou,* 13 Barb. 119; and 4 Kent's
Com. 124.)" (p. 84.)

*Burdis v. Burdis,* supra, is a well-considered case of-
ten cited by other courts and by annotators, but every-
thing decided in it is against the contention of appel-
lant in the case at bar. The provision in the will
involved in that case was held by the court to be a con-
dition subsequent. The testator devised to his wife
certain real estate during her natural life with the un-
derstanding that his son Albert was to support and take
care of her and at her death the land should return to
his son as compensation therefor. The court distin-
guishes between conditions precedent and subsequent,
and adopts the identical rules for distinguishing be-
tween such conditions that we have attempted to fol-
low in the present case. The reasons which the court
gives for holding that particular condition to be a sub-
sequent one apply so aptly to the provisions under con-

sideration that we quote more liberally from the opinion than counsel for the appellant have seen fit to do. In the opinion the court said:

"But if the language referred to be in legal effect a condition of the devise to the son, there is nothing in the will that makes the support and care of the wife of the testator by their son Albert necessarily precede the vesting in him of the estate in remainder, but much to indicate the contrary. The obligation relied upon as a condition precedent was not a single act, to be done or omitted at once, but a continuing condition, which might run through a long series of years, and require the performance of many acts.

"The support and care of the wife was a continuing duty as long as she might live. If she had survived the testator she would have only been forty-five years old at the time of his death, and would have had, according to all human calculation, many years still of expectation of life. There is nothing in the will to indicate that the testator intended the devise to the son to remain in 'a state of contingency' during the many years that he might have the support and care of his mother, and it would be unreasonable to believe, without an express direction or plain implication in the will to that effect, that he so intended." (p. 84.)

The opinion cites *Birmingham v. Lesam,* 77 Maine, 494, where the testator devised to his wife all his real estate for her life, the remainder to John Mehan at her death, provided he maintained and provided for her decently from the proceeds of the farm or otherwise. The supreme court of Maine held that John took the estate upon a condition subsequent, but having failed to perform the condition he lost it.

A case upon which counsel place much reliance is *Brennan v. Brennan,* 185 Mass. 560, 71 N. E. 80, 102 Am. St. Rep. 363. There the testatrix devised all her real property to one of her nephews, provided he took care of her and looked after her while she lived. The nephew had no knowledge of the provisions of the will

until after the death of the testatrix.   It was said in the opinion:

"The condition would seem to be a condition precedent rather than subsequent.   It related to something to be done during the lifetime of the testatrix . . . and there is nothing to show that it was performed by the tenant (nephew)."   (p. 561.)

The condition was required to be performed before the estate could vest at all.   The beneficiary was obliged to take care of the testatrix during her life.   The whole estate remained necessarily in the testatrix until her death.   It could only vest at her death.   The condition had not been performed and could not be commenced to be performed, and, as suggested by the editor of a note to the case (102 Am. St. Rep. 368), "In such a case the holding of the condition to be subsequent would be to dispense with it altogether.   It must therefore be considered to be a condition precedent, as must all other conditions which can by no possibility be performed until after the time arrives at which it is claimed the estate vests."   If in the case at bar the testator and his wife had both died before any services had been performed by Andrew Hansen, the case of *Brennan v. Brennan* would have some application.   The services to be performed by Andrew Hansen did not necessarily precede the vesting of any estate or right under the will; on the contrary, it is more reasonable to say that they were intended to accompany or follow it. The will expressly declares that he had already for some time past taken care of the testator and his wife, and then gives him all the property, provided he continues to do so until their death.   No title could vest until the death of the testator.   When that occurred the condition as to taking care of him had been fully performed, and the condition that the wife should be cared for had commenced, so that there is no reason whatever, as there was in the Brennan case, for saying that the act necessarily preceded the vesting.   It was not in terms

required to be performed before the vesting; it could, in the nature of things, as well follow along with as to precede the vesting. Moreover, at the death of the testator the title vested somewhere; it did not, like Mahomet's coffin, hang suspended between the earth and heaven.

Since, therefore, the question at bottom is one of intention on the part of the testator, and since any doubt which might exist must be solved by considering the conditions and circumstances in which the will was executed, and especially where these appear on the face of the writing, as in the present case, it is, in our opinion, more consistent with the intention of the testator, as well as with the overwhelming weight of authority on this question, to hold that the condition here was subsequent. The case of *Den ex dem., Blean, v. Messenger,* 33 N. J. Law, 499, is not, we think, very much in point. In the second clause of that will the property was given to the devisee provided he remained with the testator and his wife "during our lives, and the life of the survivor of us." In the third clause the testator made a gift over to his wife of this property in case Henry Clew, the devisee, should not survive his wife. He did not survive her, and of course there was ground for holding the condition precedent and that no estate vested because the condition was not performed. In *Stark and others v. Conde,* 100 Wis. 633, 76 N. W. 600, the condition had to be performed before the legatee became thirty years of age, and he was past that age at the testator's death. It is another case where the thing to be done was one single thing. In *Tilley v. King,* 109 N. Car. 461, 13 S. E. 936, the devise was made to his grandson to compensate him for his services if "he stays with us until after our death and takes care of us." He voluntarily left the wife of the testator about seven or eight years before her death.

The following cases cited involve contracts and furnish no assistance in construing the will in the present case. In some of them certain language was held to constitute a condition precedent: *Davis v. Gray*, 83 U. S. (16 Wall.) 203; *Mesick v. Sunderland*, 6 Cal. 297; *Brennan v. Mesick*, 10 Cal. 95; *Tennessee & Cossa R. R. Co. v. East Ala. R'y Co.*, 73 Ala. 426.

What we here decide is not believed to be in any sense in conflict with *Mollenkamp v. Farr*, 70 Kan. 786, 79 Pac. 646. The will there was construed to mean that "the father had no thought of discriminating against any of his children; that he wished his sons to acquire title to the farm, to the exclusion of their sisters, *only upon making them due compensation,* to be determined by the method indicated," and that "this constituted the requirement a condition precedent." (p. 790.)

In our view of the case, it was and is a matter of slight importance whether the provision of the will under which the Hansens claim be regarded as a precedent or subsequent condition. Counsel say in their petition for rehearing: "We know of no court that has ever held that title will pass unless the conditions have been fully complied with, and the courts uniformly hold that it makes no difference what prevents the performance of the condition." The rule is stated by counsel too broadly. If their contentions are sound Andrew Hansen might have faithfully complied with the condition by taking care of the widow for twenty years after the death of the testator, and then because of her refusal to allow him to take care of her for the remaining three months of her life his right to the devise would have been defeated. In 70 Am. St. Rep. 829-837, there is a comprehensive note upon "conditions precedent and subsequent" and the impossibility of their performance. The editor of the note says with respect to conditions precedent, that if a party who is entitled to the benefit of a condition, upon the performance of which his re-

sponsibility is to arise, dispenses with, or by any act of his own prevents the performance, the opposite party is excused from proving a strict compliance with the condition. He further says it always, excuses the performance of a condition precedent if the contract was hindered by the other party.

In *Lynch v. Melton,* 150 N. Car. 595, 64 S. E. 497, the will devised a remainder to the niece of testatrix "provided she lives with her uncle, the husband of testatrix, until she becomes free by age or marriage, otherwise to go as the law directs." The niece was compelled to leave the uncle's home by his insanity and a breaking up of the home, but it was held that the condition was not defeated by this inability on the ground that the performance was rendered impossible by the happening of an event subsequently which the testatrix never contemplated. *Lynch v. Melton,* supra, is reported in 27 L. R. A., n. s., 684, with a Note, 684-689, upon the effect of the breach of conditions precedent and subsequent. The editor cites a number of cases in support of the doctrine that, even in the case of a condition precedent, where an exact compliance has become impossible, "a substantial compliance with the testator's intention is equivalent to a full performance" (p. 687), citing *Seeley v. Hincks et al., Executors,* 65 Conn. 1, 31 Atl. 533, and *Burns v. Clark,* 37 Barb. 496. The disinclination of modern courts, especially those in America, to apply the strict rules of the common law in cases of this kind is referred to by the editor, at page 686, in the following language:

"It may be doubted as to whether the American courts are not inclined to apply the doctrine of the civil law . . . rather than that of the common law, even in the case of devises of real property; but they usually avoid the necessity of expressly repudiating the old rule by construing the condition as subsequent, rather than precedent. *A similar result is sometimes reached by holding a condition precedent to have been sufficiently performed where exact compliance is impossible.*" (Italics ours.)

The editor also cites *Page &c. v. Frazer's Executors, &c.,* 14 Bush. 205, where a devise to testator's sister was conditioned upon her becoming reconciled to other members of the family within a year after the death of her husband, and it was held that an offer to perform, and the rejection or defeat of the offer by the persons with whom the reconciliation was desired, would be equivalent to a performance of the condition; also *Irvine v. Irvine,* 12 Ky. Law Rep. 827, 15 S. W. 511. There the devise was upon the condition of maintaining the widow of the testator on his farm, and it was held that substantial performance by maintaining the widow elsewhere would be sufficient, if exact performance had become impractical or fairly unreasonable. Also *Harris v. Wright,* 118 N. Car. 422, 24 S. E. 751, where the devise was on condition that the devisee remain on a plantation with the testator's widow until her death, and it was held that, although a full performance of the condition had been rendered impossible by reason of the devisee's being wrongfully ejected from the plantation, he was nevertheless entitled to the property devised.

It is true that the chief consideration for leaving the property to Andrew Hansen was probably to provide for the care and support of the testator and his wife, both bedridden, aged people, but we think some part of the consideration was the desire that his own daughter, Stina Hansen, the wife of Andrew Hansen, should have the benefit of whatever property was left after the performance of the condition. Counsel ask what right Andrew Hansen had to occupy this farm and take the benefits of it during all these years. The answer is found in a clause of the will following the provision under consideration, which reads:

"All expenses incurred in the carrying out of this last provision to be paid out of the property herein named."

48—92 KAN.

As intimated in the former opinion, it seems to us wholly unreasonable that the testator intended that the kind and loving care of himself and wife was to be performed wholly by Andrew Hansen. Giving due consideration to the circumstances and situation of the testator as disclosed by the language of the will itself, we are forced to the conclusion that he fully understood that probably the greater part of the personal services would be performed, as doubtless they were, by his daughter, Stina Hansen; and that it was never in his contemplation that her interest in the property as the wife of Andrew Hansen was to be defeated by her husband's inability to perform all the services personally because of his death subsequently a few weeks prior to the death of the testator's wife.

Counsel urge that on account of the "turn" the case has taken in this court they ought to have a rehearing, but every question decided was fully argued on the former hearing; and while the court below made a general finding, we assume that the judgment was based upon the law as declared herein.

A rehearing is denied and the former judgment is adhered to.